# IN THE COURT OF APPEALS OF IOWA

No. 18-1162
Filed June 5, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROOSEVELT JERRY SMITH SR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

Roosevelt Jerry Smith Sr. appeals his sentence for driving while barred as a habitual offender. **AFFIRMED.**

Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Roosevelt Jerry Smith Sr. appeals his sentence. He entered into a plea agreement with the State wherein he agreed to plead guilty to driving while barred as a habitual offender. *See* Iowa Code §§ 321.555, .561 (2017). The State in turn agreed to "recommend a fine of [$2000] and 365 days incarceration with all but 60 days suspended." The court accepted his plea. On June 27, 2018, the court sentenced him to 365 days incarceration with all but sixty days suspended, imposed a $1000 fine, and placed him on one year of unsupervised probation. He appeals.

For sentences within the statutory limits, our review is for an abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'" *Id.* (quoting *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014)).

Smith acknowledges his sentence is within the statutory limits. Nevertheless, he argues the district court abused its discretion by sentencing him to incarceration instead of supervised probation. Sentences "are cloaked with a strong presumption in their favor," and he has not overcome this presumption. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). The court sentenced him to exactly the disposition contemplated by the plea agreement, except (1) the court reduced the agreed fine from $2000 to $1000, and (2) the court placed him on unsupervised probation, a topic on which the agreement is silent. Iowa Code section 907.3(3) provides, "the court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require." The

term of probation is consistent with, and likely required by, the statute.  The court indicated its reasons for the sentence are "[t]he nature and circumstances of the offense" and his "criminal history."  We find no abuse in the court's exercise of discretion in sentencing.  Therefore, we affirm.

**AFFIRMED.**