# IN THE COURT OF APPEALS OF IOWA

No. 19-0316
Filed April 15, 2020

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**DARIEN DEMARQIS SIMS,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Kevin A. Parker, District Associate Judge.

　　Defendant appeals the district court decision revoking his deferred judgment on a charge of forgery and sentencing him. **AFFIRMED.**

　　Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

　　Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

Darien Sims appeals the district court decision revoking his deferred judgment on a charge of forgery and imposing sentence. We conclude the district court did not abuse its discretion in revoking Sims's deferred judgment, as Sims admitted he violated terms of his probation. We also find the district court did not improperly consider an unproven or unprosecuted offense when sentencing Sims. Accordingly, we affirm the decision of the district court.

## I.    Background Facts & Proceedings

Sims was charged with forgery and identity theft. He entered into a plea agreement in which he agreed to plead guilty to forgery, in violation of Iowa Code section 715A.2(2)(a) (2017), a class "D" felony. Sims was given a deferred judgment and placed on probation for two years. The charge of identity theft was dismissed.

On July 16, 2018, Sims's probation officer filed a report of violation, alleging Sims had diluted urine samples in April and May and tested positive for marijuana in July. Sims stipulated that he violated the terms of his probation. On August 6, the court found him to be in contempt but stated he could purge the contempt by obtaining and maintaining full-time employment, obtaining a new substance abuse evaluation and attending treatment, and not committing any further violations. On November 6, an order was entered stating Sims had purged the contempt.

On January 16, 2019, Sims's probation officer filed a new report of violation, which asserted Sims (1) admitted using marijuana in August 2018, (2) tested positive for marijuana in September and December 2018, and (3) was fired from his employment in January 2019 and lied to the probation officer about it.

At the probation revocation hearing, the court discussed Sims's admissions about violating his probation:

> The Court: Off the record, we've had some discussion. Mr. Sims was admitting that he did violate the terms of his probation given to him by the Court on February 20 of 2018 by not maintaining employment, by not being truthful with his probation officer, by having positive tests for THC. Is that correct, [defense counsel]?
> [Defense Counsel]: That is correct, yes, Your Honor.

Later, defense counsel stated, "[M]y client has stipulated to the violations, stipulated generally to the disposition of this probation violation matter."

There was also the following discussion about Sims's marijuana use:

> The Court: And then also you tested for THC.
> The Defendant: Yes, I admitted to them uses and I completed—I went to treatment, I completed treatment, and I had dropped clean, I thought. So I don't get the problem, I really don't.
> The Court: Well, your last, your analysis—
> The Defendant: The last time—
> The Court: —was positive 12/6.
> The Defendant: No, my last one that was negative was, like, January 4.

The district court order stated, "The Defendant STIPULATES to have violated the terms of his probation by *as stated in [the report of violation] filed 1/16/19.*" (Emphasis in original). The court revoked Sims's deferred judgment and found him guilty of forgery. Sims was sentenced to a term of imprisonment not to exceed five years. The sentence was suspended, and Sims was placed on probation for two years. Sims was required to attend a violators' program at the Fort Des Moines Correctional Facility. Sims now appeals the revocation of his deferred judgment and sentence.

## II.      Revocation of Deferred Judgment

Sims states the report of violation filed on January 16, 2019, contained three factors: (1) an admission of marijuana use in August 2018; (2) positive tests for marijuana in September and December 2018; and (3) failure to maintain employment and lying about it.  He claims he only admitted to the second and third factors.  Sims contends the district court improperly relied on the first factor—an admission of marijuana use—as a reason for revoking his deferred judgment.

"We will overturn a revocation of probation only if there has been an abuse of discretion."  *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019).  "An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable."  *Id.*  We may find grounds untenable if they are based on an erroneous application of the law.  *Id.*

In determining whether probation should be revoked, the court considers (1) "whether the person has acted in violation of one or more conditions of his or her probation," and (2) "whether the person should be committed to prison or whether the court should take other steps to protect society and improve chances of rehabilitation."  *Id.*

Sims does not dispute that he admitted to at least two probation violations—having positive drug tests and failing to maintain employment, while lying about his employment.  Based on his admissions, Sims acted in violation of one or more conditions of his probation.  Even if Sims did not admit to a third violation, using marijuana, the revocation of his probation may be supported by the two factors he admitted to in the probation revocation proceedings.

The district court could reasonably conclude Sims's probation should be revoked because Sims's conduct did not improve after his first probation revocation proceeding. In the first report of violation, Sims's probation officer reported he had diluted urine samples in April and May and tested positive for marijuana in July. Although Sims was found in contempt and then purged the contempt, the same conduct continued. As was reported by the probation officer in the second report of violation, Sims had positive tests for marijuana in September and December. We conclude the district court did not abuse its discretion in revoking Sims's deferred judgment.

### III.     Sentencing

Sims alleges the district court improperly considered the unprosecuted and unproven violation of using marijuana when sentencing him. He denies admitting to using marijuana in August 2018 at the probation revocation hearing. Because he argues he did not stipulate to all of the violations in the report, he asserts the court wrongly stated in the written probation order that he stipulated to violating the terms of his probation as set out in the report of violation filed on January 16, 2019.

"We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). There is an abuse of discretion when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). If the evidence supports the sentence, the district court did not abuse its discretion. *Gordon*, 921 N.W.2d at 24–25.

"A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *Id.* at 25. At the revocation hearing, the defense attorney stated, "[M]y client has stipulated to the violations, stipulated generally to the disposition of this probation violation matter." Also, when the court stated Sims tested positive for THC, Sims stated, "Yes, I admitted to them uses and I completed—I went to treatment, I completed treatment, and I had dropped clean, I thought." By his statement, Sims admitted to marijuana use in the past.

In his reply brief, Sims contends his statement at the hearing could not refer to using marijuana in August 2018. Sims claims his statement at the probation revocation hearing admitting to marijuana use referred to an earlier time, prior to when he attended treatment. The report of violation states, "[T]he Defendant self-admitted to using marijuana before his court hearing on 8/6/18." The probation order filed on August 6 required Sims to obtain a new substance abuse evaluation within three days and immediately enter into treatment. We infer from this record that the marijuana use before the court hearing on August 6 occurred prior to the time Sims attended treatment. For this reason, Sims's admission at the probation revocation hearing that he used marijuana before he went to treatment can be taken as an admission of the allegation of marijuana use in the report of violation.

Sims admitted to using marijuana and we conclude the district court did not improperly consider an unproven or unprosecuted offense when sentencing him. We conclude the court did not abuse its discretion by sentencing him to a term of

imprisonment not to exceed five years, suspending the sentence, and placing Sims on probation for two years.  We affirm the decision of the district court.

**AFFIRMED.**