# IN THE SUPREME COURT OF IOWA

No. 17–0395

Filed December 14, 2018

**STATE OF IOWA,**

Appellee,

vs.

**SEAN DAVID GORDON,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Floyd County, DeDra L. Schroeder, Judge.

The State seeks further review of a court of appeals decision reversing the sentence of the defendant. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, and Rachel Ginbey, County Attorney, for appellee.

**WIGGINS, Justice.**

On appeal, for the first time, the defendant raised the issue that the court's use of risk assessment tools in sentencing the defendant violated his due process rights. The defendant also claimed the court used an unproven or unprosecuted offense when it sentenced him. We transferred the case to the court of appeals. The court of appeals reversed the defendant's sentence, finding no statutory authority for courts to utilize sex offender risk assessment tools in sentencing. The State asked for further review, which we granted. On further review, we find the defendant failed to preserve error on his due process claim and the record is insufficient to reach this claim on direct appeal. We also find the district court did not use an unproven or unprosecuted offense when it sentenced the defendant. Therefore, we vacate the court of appeals decision finding no indication the legislature deemed sex offender risk assessment tools relevant in imposing prison sentences, and we affirm the judgment of the district court.

## I. Factual and Procedural Background.

Twenty-four-year-old Sean Gordon met fourteen-year-old A.G. at a family gathering. Gordon's brother knew A.G.'s parents, and A.G. thought of Gordon as a family friend. After meeting, Gordon and A.G. exchanged Facebook and Snapchat messages, including nude photographs. In mid-June 2016, Gordon drove A.G. into the countryside and Gordon perpetrated a vaginal sex act against her. A.G. eventually told a counselor what Gordon had done to her, and an investigation ensued.

On October 4, a Floyd County Deputy Sheriff interviewed Gordon at the Floyd County Courthouse. During the interview, Gordon admitted to having sex with A.G., who was fourteen years old at the time of the act. The State charged Gordon with sexual abuse in the third degree, a class

"C" felony in violation of Iowa Code sections 709.1, 709.4(1)(*b*)(3)(d), and 903B.1 (2016).  Gordon originally pled not guilty, but on January 4, 2017, Gordon filed a record of plea change and pled guilty to third-degree sexual abuse.  The district court set sentencing for March 13 and ordered the department of correctional services to prepare a presentence investigation report (PSI).

On January 22, while awaiting sentencing, Chickasaw County officers arrested Gordon and charged him with possession of methamphetamine.  At the time of his arrest, Gordon was with a juvenile female whose parents had reported her as missing.

On January 27, as part of the PSI, Gordon underwent a psychosexual evaluation involving a file review, structured interview, and testing.  The Psychosexual Assessment Report (PAR) was prepared to assess Gordon's potential risk to the community, treatment needs, and amenability to treatment.  Among other things contained in the PAR were Gordon's scores from two risk assessment tools—the STATIC-99R and the Sex Offender Treatment Intervention and Progress Scale (SOTIPS).  Gordon's STATIC-99R score indicated he was a level III, average risk for recidivism.  His SOTIPS score indicated he was a high-risk individual for recidivism.

Gordon's sentencing hearing took place on March 13.  At the sentencing hearing, the district court judge stated, "The Court does have in front of it a presentence investigation report.  I have reviewed that as well as the attached psychosexual assessment report."  The judge then asked Gordon's defense counsel, "Miss O'Mara, have you and your client had an adequate opportunity to review that report?"  Defense counsel stated,

Yes, Your Honor. We don't object to its use except for in the recommendation, the request of the Department of Corrections to hold the Defendant pending placement since he's been released during the time between plea change and sentencing, we don't think that's a legal part of the sentence. But, otherwise, we don't object to its use.

Gordon's counsel asked for a deferred judgment and asked the court not to consider Gordon's January 22 arrest, which occurred between his pleading guilty and his sentencing, as it was "just charges" and the incident was unrelated to his current conviction. The State recommended the court sentence Gordon to prison for a term not to exceed ten years. The State argued that it should be able to consider all information in the PSI in its recommendation, including the January 22 arrest.

The district court sentenced Gordon to prison for a term not to exceed ten years.

Gordon filed a timely appeal. We transferred the case to the court of appeals. The court of appeals found no indication the legislature authorized the use of sex offender risk assessment tools in imposing prison sentences. Thus, the court of appeals reversed the district court's decision and remanded for resentencing. The State sought further review, which we granted.

## II. Issues Raised on Appeal.

On appeal, Gordon did not raise the issue addressed by the court of appeals. Thus on further review, we will not consider whether the legislature deemed sex offender risk assessment tools relevant in imposing prison sentences.

Gordon did raise three issues on appeal that we will consider on further review. First, whether the district court violated Gordon's due process rights by consideration of and reliance on the sex offender risk assessment tools in imposing its sentence. Second, if counsel did not

preserve error on this issue, whether counsel provided ineffective assistance of counsel by failing to object to the sentencing proceeding because the court's consideration of and reliance on the sex offender risk assessment tools violated Gordon's due process rights.  Third, whether in sentencing Gordon, the district court abused its discretion by relying on an unproven or unprosecuted offense.

**III.  Whether the District Court Violated Gordon's Due Process Rights by Consideration of and Reliance on the Sex Offender Risk Assessment Tools in Imposing Its Sentence.**

Our appellate courts have held that a defendant need not first challenge a district court's abuse of discretion at the time of sentencing to have the matter directly reviewed on appeal.  *See, e.g.*, *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999) (rejecting state's claim that defendant failed to preserve error "because [the defendant] did not claim at the sentencing that the court had failed to exercise its discretion" in sentencing him); *State v. Cooley*, 587 N.W.2d 752, 754 (Iowa 1998) (rejecting state's claim that defendant failed to preserve error, precluding his sentencing error challenge); *State v. Young*, 292 N.W.2d 432, 435 (Iowa 1980) (rejecting state's error preservation argument regarding defendant's claim the district court considered an improper factor in determining the proper sentence); *State v. Thomas*, 520 N.W.2d 311, 312–13 (Iowa Ct. App. 1994) (rejecting state's argument "that [the] defendant was required to object during the sentencing" that the district court improperly considered department of corrections' parole policies in choosing appropriate sentence).  We stated,

> It strikes us as exceedingly unfair to urge that a defendant, on the threshold of being sentenced, must question the court's exercise of discretion or forever waive the right to assign the error on appeal.  As our court of appeals noted in a similar

situation, it would be "incongruous" to apply ordinary preservation-of-error principles in this context.

*Cooley*, 587 N.W.2d at 754 (quoting *Thomas*, 520 N.W.2d at 313).

We have also held a defendant need not challenge the illegality of a sentence in the district court at the time of sentencing because a defendant can raise a claim of an illegal sentence at any time. *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010).

These error preservation rules do not apply under the facts of this case. On appeal, Gordon is not arguing the district court abused its discretion by imposing a sentence that is too harsh, illegal, or relies on a factor whose illegality is clear without the consideration of further evidence. If it were that simple, we would examine the record and determine whether the court abused its discretion in light of that record. However, the error claimed by Gordon is more complex. He claims the use of the risk assessment tools violates his due process rights.

Gordon and his attorney had access to the PSI report prior to sentencing. After reviewing the report, the defendant did not object to the court's use of the risk assessment tools. *See* Iowa Code § 901.4 ("The defendant or the defendant's attorney may file with the presentence investigation report, a denial or refutation of the allegations, or both, contained in the report. The denial or refutation shall be included in the report."). Yet, Gordon raises his due process claim for the first time on appeal.

Quoting *State v. Drake*, 259 N.W.2d 862, 867 (Iowa 1977), Gordon argues the use of the risk assessment tools "manifest[s] inherent unfairness and injustice, or [is] conduct which offends the public sense of fair play." He further claims "[a] defendant has a constitutionally due process right to be sentenced on accurate information." *See Townsend v.*

*Burke*, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255 (1948). Applying these authorities, he claims the use of these risk assessment tools violates his due process rights because he is unable to challenge the scientific validity of these tools.

However, Gordon is not claiming his sentence is intrinsically unconstitutional. If this were the case, he would not need to preserve error for us to decide the issue on appeal. *See State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009). Rather, his claim is that the use of the risk assessment tools violates his due process rights. There are distinctions between claiming the sentence is intrinsically unconstitutional and claiming errors in the proceedings prior to imposition of sentence. *Id.* at 871–72. Gordon's claim is that the error occurred in the proceedings prior to imposition of sentence. Because Gordon's claim does not involve the inherent power of the court to sentence him for his crime, the normal rules of error preservation apply. *Id.*

The distinction in *Bruegger* makes perfect sense under the facts of this case. How are we to determine the due process implications of the district court's use of risk assessment tools, when we do not know anything about the tools and Gordon failed to object to their use? If, as Gordon argues, we need further evidence to determine whether the court violated his due process rights by using these risk assessment tools, the defendant must bring that matter to the court's attention at the time of sentencing. It is unfair to the State for us to reverse the district court's sentence for allegedly considering an improper factor when the court needed more information to determine if the factor it considered was improper and the defendant failed to bring that issue to the attention of the court at the time of sentencing.

Another application of this error preservation rule is when a PSI contains an inaccurate criminal record, the defendant fails to alert the court as to the PSI's inaccuracy, and evidence is needed to prove the inaccuracy of the defendant's criminal record. A court has a right to rely on the information in the PSI when the defendant fails to object to the information contained in the PSI. *State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000). Here, Gordon failed to object to the risk assessment tools in the PSI and their use at sentencing. Under, these circumstances the court had a right to rely on the assessments.

We find Gordon failed to preserve his due process claim for direct appeal.

**IV. Whether Counsel Provided Ineffective Assistance of Counsel by Failing to Object to the Sentencing Proceeding Because the Court's Consideration of and Reliance on the Sex Offender Risk Assessment Tools Violated Gordon's Due Process Rights.**

When counsel fails to preserve error at trial, we can reach an ineffective-assistance-of-counsel claim on a direct appeal if the record is sufficient to reach it. *State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011). If the record is insufficient to allow for review on direct appeal, we allow the defendant to raise the claim in a separate postconviction-relief action. *Id.*

In order to determine if the court's consideration of and reliance on the sex offender risk assessment tools violated Gordon's due process rights, it is necessary for us to understand the nature of the tools used by the sentencing judge. This requires evidence. As one leading author in the field noted, "[I]f risk assessment is a legitimate state exercise, it needs to be cabined by principles that demand that the methods used to implement it are legally germane, accurate, and fairly applied." Christopher Slobogin, *Principles of Risk Assessment: Sentencing and*

*Policing*, 15 Ohio St. J. Crim. L. 583, 596 (2018). After all, "[o]ur law punishes people for what they do, not who they are." *Buck v. Davis*, 580 U.S. ___, ___, 137 S. Ct. 759, 778 (2017).

For these reasons, we cannot reach Gordon's due process claim on direct appeal. Of course, Gordon may bring a separate postconviction-relief action claiming ineffective assistance of counsel based on due process, if he so wishes.

### V. Whether in Sentencing Gordon, the District Court Abused Its Discretion by Relying On an Unproven or Unprosecuted Offense.

We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). We will find an abuse of discretion when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). A ruling is untenable when the court bases it on an erroneous application of law. *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000). If the evidence supports the sentence, the district court did not abuse its discretion. *State v. Valin*, 724 N.W.2d 440, 445 (Iowa 2006).

"A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "In determining a defendant's sentence, a district court is free to consider portions of a presentence investigation report that are not challenged by the defendant." *Grandberry*, 619 N.W.2d at 402. Finally, if a defendant challenges a sentence claiming the court used an illegal factor at sentencing, a defendant need not object at sentencing for us to address the issue on appeal if the issue can be decided without further evidence.

The PSI included information that Gordon "reports his last usage of methamphetamine was on January 21 and 22, 2017" and he "acknowledges his parents just discovered on January 22, 2017 that he had a problem with methamphetamine . . . due to his recent arrest." The PSI also stated, "[T]he Defendant was arrested in Chickasaw County on January 22, 2017 and charged with drug possession. Furthermore, the Defendant was with a juvenile female that was reported as missing by her parents."

When sentencing Gordon, the district court referenced Gordon's January 22, 2017 arrest saying,

> I also have concerns about the continued high-risk behavior being in—being with a juvenile female who obviously has got other issues going on, and a possession of methamphetamine floating around there also. I get that it's not a conviction, and I distinguish that, and I understand that, but I look at a person's behavior after they've been charged with something like this and if that's a wake-up call to them.

Gordon's counsel objected to the district court's consideration of the charges.

In *State v. Gonzalez*, we held statements made by the defendant to a PSI investigator concerning the defendant's participation in the sale of cocaine constituted an admission. 582 N.W.2d 515, 517 (Iowa 1998). Thus, we found the court did not abuse its discretion in considering the unproven charge when sentencing the defendant, because the defendant did not make any material corrections to the PSI when he reviewed it. *Id.*

Here, Gordon admitted to the PSI investigator that he used methamphetamine on January 22, and his parents discovered he had a substance abuse problem on January 22 due to his arrest. This constituted an admission to his possession of methamphetamine on

January 22. *See id.* Further, Gordon did not challenge the information in the PSI concerning his arrest and drug possession charge, or the circumstances surrounding his arrest in the company of a missing juvenile female. Gordon also told the judge at the sentencing hearing that he had the female juvenile in his car at the time the police stopped him.

Because Gordon admitted to possessing methamphetamine on January 22, admitted to the district court that he was with the juvenile when he was arrested, and failed to object to any of the information contained within the PSI regarding his arrest, the district court did not abuse its discretion in relying on the unprosecuted charge or surrounding circumstances. *See Grandberry*, 619 N.W.2d at 402; *see also State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000) (holding when a challenge is made to a criminal sentence based on the court improperly considering unproven criminal activity, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on").

Accordingly, the court did not use an unproven or unprosecuted offense when it sentenced Gordon.

**VI. Disposition.**

We vacate the court of appeals decision finding no statutory authority for sentencing courts to utilize sex offender risk assessment tools in imposing prison sentences. We do not reach Gordon's due process arguments because Gordon failed to raise the issue in the district court and the record is insufficient to reach the issue on direct appeal. We also find the district court did not use an unproven or unprosecuted offense when it sentenced Gordon. Therefore, we affirm the judgment of the district court. Gordon may bring a separate postconviction-relief action claiming ineffective assistance of counsel based on due process, if he so wishes.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Appel, J., who concurs specially.

**APPEL, Justice (concurring specially).**

Because of the lack of a contemporaneous objection and the need for a more developed record, I concur in the result in this case. *See State v. Guise*, ___ N.W.2d ___, ___ (2018) (Appel, J. concurring).