# IN THE COURT OF APPEALS OF IOWA

No. 18-0397
Filed April 3, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CAMERON D. SINGLETON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith,
Judge.

Cameron Singleton appeals from judgment and sentence imposed upon
his convictions for first-degree burglary, stalking in violation of a protective order,
and eluding. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Mary K.
Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant
Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

Cameron Singleton appeals from judgment and sentence imposed upon his convictions for first-degree burglary, in violation of Iowa Code sections 713.1 and 713.3 (2017); stalking in violation of a protective order, in violation of section 708.11(3)(b)(1); and eluding, in violation of section 321.279(1). We affirm.

On November 29, 2017, immediately following the jury verdicts on the underlying offenses, Singleton stipulated he was the individual previously convicted of obstructing justice and resisting a peace officer, both Illinois convictions that were class "4" felonies; however, Singleton argued the offenses did not qualify as felonies under Iowa law. The State offered certified copies of the court records into evidence, and Singleton acknowledged he was represented by counsel in each case. The court went through a colloquy with Singleton regarding the prior offenses.

The court advised Singleton, in part:

> And, finally, you understand if you wish to challenge the voluntariness or intelligence of the colloquy today—in other words, your stipulation—you must do so by filing a motion in arrest of judgment, which must be filed prior to five days before your date for sentencing. Do you understand that?
> THE DEFENDANT: Yes. We plan to appeal.

The court ordered a presentence investigation (PSI) report which, was filed on January 5, 2018.

On January 10, the sentencing hearing was continued because the trial judge had not yet ruled on whether the prior convictions constituted felonies for the purpose of habitual-offender status. The trial court did find the Illinois offenses were felony convictions as a matter of law on January 12, 2018.

Singleton did not file a motion in arrest of judgment.

On February 15, 2018, the sentencing hearing was held. Singleton did not object to the PSI report, which included risk-assessment information. After the hearing, the court imposed an indeterminate term of imprisonment not to exceed twenty-five years on the burglary charge and fifteen years on the stalking charge, with those the sentences to be served consecutively. In addition, the court imposed a one-year term on the eluding charge to be served concurrently with the other two sentences.

On appeal, Singleton contends his trial counsel was ineffective in failing to challenge the habitual-offender-stipulation colloquy; the court violated his due process rights and abused its discretion when it considered risk-assessment information contained in the PSI report; and the court erred in stating he may be assessed attorney fees on appeal.

**Habitual offender colloquy.** Singleton asserts the trial court failed to conduct a proper colloquy pertaining to his habitual offender status as required in *State v. Harrington*, 893 N.W.2d 36, 45–46 (Iowa 2017). However, he did not file a motion in arrest of judgment challenging the habitual offender stipulation proceeding. "As in the guilty plea context, the offender challenging the habitual offender stipulation proceeding must do so in a motion in arrest of judgment in order to preserve error on that challenge." *State v. Smith*, ___ N.W.2d ___, ___, 2019 WL 1086608, at *4 (Iowa 2019). We apply a substantial compliance standard to determine whether the trial court discharged its duty to ensure the defendant understands the necessity of filing a motion to challenge the prior-offenses stipulation and the consequence of failing to do so. *Id.*

In *Smith*, the supreme court excused the defendant's failure to file a motion in arrest of judgment because

> the court's statement that Smith had a right to file a motion in arrest of judgment was insufficient to comply with its duty under *Harrington*. The court's statement did not tie that right to the method of challenging the stipulation proceedings, *nor did it ensure Smith understood that the failure to file such a motion would preclude him from challenging the proceedings on appeal.*

*Id.* (emphasis added). On the merits of the challenge to the stipulation proceedings, the supreme court found that Smith's stipulation was not knowingly and voluntarily made because of the numerous errors by the trial court in the colloquy. *Id.* at 6.

Here, however, Singleton concedes:

> [T]he district court did inform Singleton of the nature of the charge, ensured Singleton knew the State would have to prove he had counsel only if he raised that defense, and confirmed Singleton did in fact have an attorney for the prior offenses. The district court also informed Singleton of the maximum penalties, including the mandatory minimum, and it established a factual basis existed to support Singleton's admission to the prior convictions. The district court also explained to Singleton by admitting the requisite prior offenses that he would not have a jury trial on whether he had the convictions and the sentencing enhancement would apply.

*See Harrington*, 893 N.W.2d at 45–46.

He asserts, however, "the court failed to inform Singleton that he had all the same trial rights during the enhancement proceeding as he did on the underlying offense" and did not enumerate those trial rights.

As was the case in *Smith*, the district court did not tie the failure to file a motion in arrest of judgment to the loss of chance to challenge the proceedings on appeal. *See* 2019 WL 1086608, at *6. Thus, we excuse the failure to file the motion in arrest of judgment.

Nonetheless, Singleton does not challenge that he was in fact the person who was twice previously convicted and that he was represented by counsel on each occasion. The State asserts Singleton cannot prove any reasonable probability that his stipulation decision would have been different if the court had re-explained his trial rights during the stipulation colloquy. We agree.

**Risk assessment in PSI.** Singleton next argues the trial court violated his due process rights by considering the risk-assessment information contained in the PSI at sentencing. Our supreme court has recently considered the same issue in *State v. Gordon*, 921 N.W.2d 19 (Iowa 2018), and *State v. Guise*, 921 N.W.2d 26 (Iowa 2018). In *Gordon*, the court held a defendant could not raise a due process argument relating to the Iowa Risk Revised risk-assessment tool for the first time on appeal when the defendant did not bring the issue first to the district court at the time of sentencing. 921 N.W.2d at 24. Further, the court held the record was insufficient to reach the claim under the rubric of ineffective assistance of counsel. *Id.*; *see also Guise*, 921 N.W.2d at 29. Because Singleton did not raise the issue before the district court, we do not address it here. But we preserve it for a potential future application for postconviction relief.

"We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits. We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'" *Gordon*, 921 N.W.2d at 24 (citations omitted).

Here, the district court explained its reasons for imposing sentence:

Mr. Singleton, I've looked at your [PSI] report. You've had [forty-five] convictions, many of them assaults and you've had five jail violations while you were in jail, one with assaultive conduct. The other thing since I did the jury trial is that you were under the victim's bed with a knife in your hand. You indicated in your statement that you didn't take that out of your pocket until you are crawling out but the court finds that not to be credible and also this stalking issue, you violated a protective order knowing that you had the protective order and you were prohibited from contacting the victim.

The other thing that the court notes is that based on the testing analysis done by the pre-sentence investigator you pose an intensive risk for further violence and I don't disagree with that given your history. You are [forty] years old and you have multiple pages of criminal record, which again a lot of it is assaultive in nature and a lot of them are domestic batteries. So the court finds that you are an intensive risk for future violence based on those factors as well as the facts and circumstances of this case and finds that a period of incarceration is warranted and also that Counts 1 and 2 should be served consecutively for those reasons.

We find no abuse of discretion here. The court could reasonably infer from Singleton's record that he posed a risk for future violence.

**Restitution.** The sentencing court ordered:

If the defendant qualifies for court appointed appellate counsel then the defendant can be assessed the cost of the court appointed appellate attorney when a claim for such fees is presented to the clerk of court following the appeal. The defendant is further advised that a request for a hearing on the defendant's reasonable ability to pay court appointed appellate attorney fees within thirty days of the issuance of the procedendo following the appeal. *If the defendant does not file a request for a hearing on the issue of the defendant's reasonable ability to pay court appointed appellate attorney fees the fees approved by the State Public Defender will be assessed in full to the defendant.*

(Emphasis added).

The sentencing court may only assess restitution for court-appointed attorney fees to the extent the defendant is reasonably able to pay. *See* Iowa Code § 910.2(1) ("[T]he sentencing court shall order that restitution be made by

each offender . . . and, to the extent that the offender is reasonably able to pay, . . . court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, when applicable, . . .").

Singleton challenges the restitution order because it was entered without a finding of reasonable ability to pay. We agree the sentencing order places an affirmative duty on Singleton to request a reasonable-ability-to-pay hearing before the court will determine his reasonable ability to pay. Although the order is anticipatory, it is invalid. The district court erred in ordering the defendant to pay restitution without knowing the total amount of restitution owed. We reverse the part of his sentence regarding restitution and remand for resentencing regarding restitution. *State v. Albright*, ___ N.W.2d ___, ___, 2019 WL 1302384, at *14–15 (Iowa 2019); *State v. Covel*, ___ N.W.2d ___, ___, 2019 WL 1302388, at *1 (Iowa 2019)

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**