# IN THE COURT OF APPEALS OF IOWA

No. 18-0849
Filed January 9, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MAJOR CALVIN MOORE JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,
Judge.


        Major Moore Jr. appeals his sentence for criminal mischief in the third
degree. **AFFIRMED.**


        Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee.


        Considered by Tabor, P.J., Mullins, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2020).

**VOGEL, Senior Judge.**

Major Moore Jr. appeals his sentence for criminal mischief in the third degree. *See* Iowa Code § 716.5 (2017). On April 26, 2018, the district court entered its order sentencing him to a term of incarceration not to exceed two years and imposed a fine, costs, and restitution. The court also revoked his probation in two other cases, imposed the terms of incarceration previously suspended, and ordered the term of incarceration here to run concurrently.

When a sentence is within the statutory limits, we review the sentence for an abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'" *Id.* (quoting *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014)).

Moore concedes his sentence is within the statutory limits. However, he argues the two-year term of incarceration is an "untenable" sentence for "a misdemeanor property crime for breaking a phone."

During the sentencing hearing, the State recommended a two-year sentence be imposed and that it run consecutively to the sentences to be imposed on the prior felony convictions. The court rejected the State's recommendation, explaining its reasoning for the sentence chosen:

> [M]y duty under the law is to review what's available to me in terms of community resources, to determine what the appropriate rehabilitative plan for you would be, but to also consider the public must be protected.
>      In doing so, I look at the seriousness of the crime, the effect that this crime has upon members of the community, your willingness to accept change and treatment, and what we have available within the community to assist you in this process.

The court emphasized it "always look[s] first at the least restrictive alternatives before moving on to the more restrictive." It reviewed Moore's criminal history, including "some very serious offenses." It noted Moore failed to take full advantage of prior opportunities for rehabilitation. It concluded by finding "that to protect the community, to maximize your rehabilitation, and to deter this type of conduct, that incarceration is appropriate." On our review of the record, we agree. We find no abuse of discretion and affirm his sentence.

**AFFIRMED.**