# IN THE COURT OF APPEALS OF IOWA

No. 22-0269
Filed August 17, 2022


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GARY LEE JENSEN,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Clay County, Andrew Smith, District Associate Judge.


A defendant appeals the sentence imposed after his written guilty plea to eluding while exceeding the speed limit by twenty-five miles per hour or more, in violation of Iowa Code section 321.279(2) (2021). **AFFIRMED.**


Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Gary Lee Jensen appeals the sentence imposed after his written guilty plea to eluding while exceeding the speed limit by twenty-five miles per hour (mph) or more, in violation of Iowa Code section 321.279(2) (2021). He alleges the district court abused its sentencing discretion by failing to consider mitigating factors. Finding no abuse of discretion, we affirm Jensen's sentence.

### I.  *Background Facts and Proceedings.*

On July 22, 2021, local law enforcement initiated a traffic stop around mid-day after clocking Jensen driving thirty-five mph in a twenty-five mph zone. Jensen pulled over and cooperated with the officer's initial questioning. The officer returned to his vehicle, determined Jensen's license was suspended, and called for reinforcement to conduct an arrest. A second uniformed officer arrived, but Jensen sped away when the officers began to approach his vehicle. The two officers pursued Jensen in separate vehicles. Jensen proceeded at excessive speeds—reaching approximately seventy mph in a twenty-five mph zone in town and ninety mph in a fifty-five mph zone on a county road. Law enforcement made the decision to call off the chase after Jensen passed another vehicle in a no-passing zone with oncoming traffic while travelling at approximately ninety mph.

In October 2021, Jensen was charged with eluding while exceeding the speed limit by twenty-five mph or more, an aggravated misdemeanor. After initially entering a plea of not guilty, Jensen entered a written guilty plea to the crime as charged. At a sentencing hearing in January 2022, the court ordered Jensen to serve a term of incarceration not to exceed two years and suspended the minimum fine of $855. Jensen filed a timely appeal.

## II. Review.

While the right of appeal is limited for convictions reached pursuant to a plea agreement, there is good cause for appeal when the challenge, as here, is to the sentence rather than the guilty plea. *See* Iowa Code § 814.6(1)(a)(3); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). "We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable.'" *Id.* (citation omitted). "A ruling is untenable when the court bases it on an erroneous application of law." *Id.* "If the evidence supports the sentence, the district court did not abuse its discretion." *Id.* at 24–25.

## III. Discussion.

Jensen argues the district court abused its discretion by failing to consider mitigating factors and declining to suspend his sentence of incarceration. We note "[t]he sentencing court has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). "In exercising this discretion, the court may consider a variety of circumstances, including the nature of the offense and attending circumstances, as well as the defendant's age, character, propensities and chances of reform." *State v. Boltz*, 542 N.W.2d 9, 10 (Iowa Ct. App. 1995). Moreover,

> [a] sentencing court has a duty to consider all the circumstances of a particular case. . . . [H]owever, it is [not] required to specifically acknowledge each claim of mitigation urged by a defendant. Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered.

*Id.* at 11 (internal citation omitted).

At the sentencing hearing, Jensen requested a suspended sentence and urged the court to consider work release or an ankle monitor. He apologized for his actions, affirmed that he had a job available for him, and shared concerns about being able to support family members battling COVID-19. Following Jensen's allocution, the court explained its decision, in part, as follows:

> Well, Mr. Jensen, I understand your concerns. But while those circumstances certainly go into account with respect to the decision I'm making today, I'm making this decision based upon your criminal history, the circumstances of this crime. And those are, frankly, thoughts that should have entered into your mind at the time of this incident.
> . . . .
> Given the criminal history, your age, the nature of some of those prior offenses, and the nature of this action, I find that prison is the appropriate sentence in this matter. So that's why I've selected a sentence of incarceration in this matter.

Jensen's criminal history included at least five prior felony convictions spanning multiple decades. He was on parole at the time of the incident and created a serious risk of harm to the community. The fact that the court did not specifically identify Jensen's mitigating factors during the hearing does not mean they were not considered. In fact, the court's sentencing order indicated consideration of the defendant's employment and family circumstances. On this record, we are satisfied the district court considered all appropriate sentencing factors and provided sufficient reasons for imposing a term of incarceration. We find no abuse of discretion in the sentence imposed. Accordingly, we affirm Jensen's sentence.

**AFFIRMED.**