# IN THE COURT OF APPEALS OF IOWA

No. 22-1296
Filed July 26, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ANDREW MICHAEL BONNELL,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

Andrew Bonnell appeals the sentences imposed for two counts of lascivious acts with a child. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

Andrew Bonnell entered *Alford* pleas[1] to two counts of lascivious acts with a child in violation of Iowa Code section 709.8(1)(a), (b), (2)(a) (2021). The court sentenced Bonnell to an indeterminate term of incarceration not to exceed ten years on each count, with the sentences to be served concurrently. Bonnell appeals. He argues the court considered improper information presented in victim-impact statements and that consideration of the victim-impact statements violated the cruel-and-unusual-punishment and due-process clauses of the United States and Iowa Constitutions. Because Bonnell challenges the sentences he received rather than the *Alford* pleas, he has established good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

We review sentences imposed in criminal cases for correction of errors at law. *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). We only vacate a sentence when there has been an abuse of discretion or some defect in the sentencing procedure. *Id.* Resentencing is required if the district court relies on an improper consideration in imposing a sentence. *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022).

The issues on appeal stem from victim-impact statements given by the two victims of Bonnell's crimes. Victims of crimes are given the right to give impact

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the guilty plea).

statements by Iowa Code section 915.21(1).  The scope of such statements is set by section 915.21(2), which states:

> A victim impact statement shall include the identification of the victim of the offense, and may include the following:
> a. Itemization of any economic loss suffered by the victim as a result of the offense.  For purposes of this paragraph, a pecuniary damages statement prepared by a county attorney pursuant to section 910.3 may serve as the itemization of economic loss.
> b. Identification of any physical injury suffered by the victim as a result of the offense with detail as to its seriousness and permanence.
> c. Description of any change in the victim's personal welfare or familial relationships as a result of the offense.
> d. Description of any request for psychological services initiated by the victim or the victim's family as a result of the offense.
> e. Any other information related to the impact of the offense upon the victim.

While the statute attempts to spell out what may be presented in a victim-impact statement, paragraph (e)'s allowance of "[a]ny other information related to the impact of the offense upon the victim" leaves a great deal of latitude in what may be included in a statement.  Iowa Code § 915.21(2)(e).  Because of the broad scope of what can be included in victim-impact statements, the statements "may at times result in the airing of allegations which are unproven." *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998).  Despite this risk, we permit relatively free-form victim-impact statements because "we trust that our district courts, when weighing such statements as part of the sentencing determination, will filter out improper or irrelevant evidence." *Id.*  As a result, absent clear evidence to the contrary, we assume the district court does engage in such filtering-out process. *Id.*

Bonnell contends the victim-impact statements went beyond what was permissible and that the court considered improper comments made in them. Bonnell argues the victim-impact statements improperly included references to

offenses to which he did not plead guilty, references to Bonnell's lack of remorse, characterizations of him as a pedophile and a monster, and requests to have him incarcerated for the remainder of his life. Bonnell contends he has established that the court considered improper comments in the victim-impact statements by pointing to the district court's statement, "I have looked at whether this is a case for which restitution could make up for the alleged offenses and I have considered the contents of the victim impact statement or statements."

While we agree with Bonnell that some comments were made during the victim-impact statements that would be improper for the court to consider, we disagree that Bonnell has demonstrated clear evidence that the district court did not filter out any improper comments made in making the sentencing decision. *See id.* (holding that we assume the district court filters out improper or irrelevant evidence contained in victim-impact statements unless there is "clear evidence to the contrary"). In fact, the evidence is quite clear that the court did filter out improper comments. We know this from the following directions given and comments made by the district court before the victim-impact statements were given:

> I would ask any victims who are making statements, you need to refrain from talking about uncharged, unproven criminal acts because I cannot rely on evidence of such acts in deciding what the sentence in this case is. And I will state at this point in time, to the extent any victims make such references, I disavow any reliance on them.

These directions and comments make it clear the court was keenly aware of what it could and could not consider at sentencing. They also showed the court's recognition that victim-impact statements at times result in introduction of improper

or irrelevant comments and that the court was on guard against consideration of such comments. Based on these directions and comments, we conclude the court engaged in the proper "filtering-out" process to disregard improper comments contained in the victim-impact statements.

We are not convinced the court's statement highlighted by Bonnell—that the court "considered the contents of the victim impact statement or statements"—constitutes evidence, let alone "clear evidence," that the court considered improper factors. *See id.* (requiring "clear evidence" that the court did not filter out improper or irrelevant evidence contained in victim-impact statements). First, the statement was made as part of the listing of material that the court had reviewed as part of sentencing. While the victim-impact statements contained some improper and irrelevant information, Bonnell points to no authority suggesting that the court was not entitled to consider those parts of the statements that were not improper or irrelevant. So, Bonnell's argument gains no traction by simply pointing to the court's acknowledgment that it considered the victim-impact statements.

Second, it is Bonnell's burden to establish that the court relied on an improper factor. *See McCalley*, 972 N.W.2d at 677 ("To overcome the presumption in favor of the sentence in this case, McCalley must affirmatively demonstrate that the district court relied on an improper factor."). And, a claim that the court did not filter out improper or irrelevant information contained in a victim-impact statement requires "clear evidence" that the court considered the improper information. *See Sailer*, 587 N.W.2d at 764. Here, the district court said nothing suggesting that it considered the improper information contained in the victim-impact statements, so we have no basis for concluding that Bonnell has

established clear evidence of consideration of improper information. *See State v. Nichols*, No. 20-0570, 2021 WL 811096, at \*2 (Iowa Ct. App. Mar. 3, 2021) ("And, although the court also mentioned other proper considerations such as Nichols's age and employment, the court never mentioned the other wrongs alleged in the mother's and grandfather's [victim-impact] statements. This suggests the court properly exercised its duty to 'filter out' those improper considerations."); *State v. Olsen*, No. 19-1960, 2020 WL 5650580, at \*4–5 (Iowa Ct. App. Sep. 23, 2020) (noting, in rejecting a claim that the district court considered an unproven offense mentioned in a victim-impact statement, "the [sentencing] court's statement does not show any reliance on this particular offense when setting the sentence" and the sentencing court stated it "of course, is bound by the law"). We find no error committed by the district court based on consideration of improper comments made in the victim-impact statements.

As his final attack on the sentences imposed, Bonnell contends that consideration of the victim-impact statements amounted to violation of his rights to due process and against cruel and unusual punishment guaranteed by the Iowa and United States Constitutions. The State contends Bonnell failed to preserve error on this issue, and we agree.

Generally, a defendant does not have to raise a sentencing challenge before the district court in order to preserve the issue for appeal. *See State v. Gordon*, 921 N.W.2d 19, 22–23 (Iowa 2018) (noting a defendant does not need to challenge claimed abuse of discretion or imposition of an illegal sentence at the district court in order to preserve the issue for appeal). But there is a difference "between claiming the sentence is intrinsically unconstitutional and claiming errors

in the proceedings prior to imposition of sentence." *Id.* at 23. Here, Bonnell does not argue that his sentence was intrinsically unconstitutional. Instead, he claims errors in the proceedings before imposition of his sentences constituted constitutional violations. He was required to preserve error on these claims by asserting them before the district court. *See id.* at 24 (requiring the defendant to raise constitutional challenges to consideration of risk-assessment-tool results before the district court in order to preserve them for appeal). Because Bonnell did not raise the constitutional issues before the district court, he cannot assert them here. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court."); *see also State v. Marcott*, No. 08-0402, 2008 WL 4571251, at *1 (Iowa Ct. App. Oct. 15, 2008) (finding a due-process challenge to the district court's refusal to permit the defendant to present witness testimony at sentencing to be unpreserved due to failure to raise it before the district court).

Before concluding, we note that, besides failing to preserve error on them, Bonnell's constitutional challenges also fail on their merits. The premise of his constitutional challenges is that his rights were violated because the court considered improper information contained in the victim-impact statements. As discussed earlier in the opinion, we find that Bonnell failed to prove that the court considered any improper information. Therefore, the premise of Bonnell's constitutional challenge is faulty, and his claim fails as a result.

In conclusion, we find no clear evidence that the court improperly considered improper information contained in victim-impact statements, so no

error occurred. We also reject Bonnell's constitutional claims due to failure to preserve error and on their merits.

**AFFIRMED.**