# IN THE COURT OF APPEALS OF IOWA

No. 23-0065
Filed December 6, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAYVON JAMERE GRUBBS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea,

Judge.

Jayvon Grubbs appeals the sentence imposed after pleading guilty to the

charge of felon in possession of a firearm. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant

Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee.

Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Jayvon Grubbs appeals the sentence imposed after pleading guilty to the charge of felon in possession of a firearm.[1]  He contends the sentencing court considered an improper factor in sentencing him to a five-year term of incarceration.  Because Grubbs has not shown the court relied on improper sentencing factor, we affirm his sentence.

We review sentences for correction of errors at law.  *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).  We reverse only if the sentencing court abused its discretion or there was some defect in the sentencing procedure.  *Id.*  An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable."  *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (citation omitted).  The sentencing court abuses its discretion when it relies on an impermissible factor in imposing sentence, and such a defect entitles the defendant to a new sentencing hearing.  *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022)

In sentencing Grubbs, the district court stated it was considering his rehabilitation, the public's protection, the seriousness of his crime, the effect it has on the community, and Grubbs's willingness to accept change and treatment.  The court noted "some very positive things" about Grubbs, including his employment, his intelligence, and his youth.  The court then noted the negatives—his prior convictions for crimes involving firearms and assault, a revoked deferred judgment,

---

[1] Although Iowa Code section 814.6(1)(a)(3) (2022) limits the ability to appeal a conviction reached pursuant to a guilty plea, Grubbs's challenge to the sentence itself provides good cause to appeal as a matter of right.  *See State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022).

and his failure to "engage . . . in a meaningful way" with probation. The court then stated:

> And our community has a huge issue with firearm violence, with people who are not supposed to have firearms having firearms, and those firearms getting used in other offenses. And I know here it's the issue is possessing the firearm and you weren't supposed to have it. But I have to think you were fully aware of that at the time. And so I do think incarceration is appropriate, but I am hopeful that when you come out that you're able to put those skills that you have to use and be an engaged father and engaged person in our community.

Grubbs contends that the court relied on an improper sentencing factor by referring to the community's issue with firearm violence. This court has rejected similar challenges. *See State v. Jones-Baker*, No. 22-0105, 2022 WL 3072056, at *2 (Iowa Ct. App. Aug. 3, 2022) (holding that the court did not consider an improper sentencing factor by noting the "immense problems with guns" in the community); *State v. Anderson*, No. 15-1180, 2016 WL 5407954, at *13–14 (Iowa Ct. App. Sept. 28, 2016) (rejecting a defendant's claim that the court considered an improper sentencing factor by stating that "everyone is well aware of the gun violence problem that we have here"). By noting firearm violence in the community, the court was "simply doing its duty to select the sentencing option that would provide 'for the maximum protection of the community from further offenses by the defendant and others.'" *Jones-Baker*, 2022 WL 3072056, at *2 (emphasis and citation omitted).

Because Grubbs fails to show the district court abused its discretion by relying on an improper sentencing factor, we affirm.

**AFFIRMED.**