## IN THE COURT OF APPEALS OF IOWA

No. 20-1305
Filed September 1, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GLENN ALLEN IGOU,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Monona County, Roger L. Sailer,

Judge.


        Glenn Allen Igou appeals from the sentences imposed following his guilty

pleas. **AFFIRMED.**


        Craig H. Lane of Craig H. Lane, P.C., Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.


        Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

After being charged with various sex crimes based on alleged sexual misconduct with his twin, pre-teen nieces, Glenn Igou accepted a plea offer. Pursuant to the plea agreement, Igou pleaded guilty to two counts of lascivious acts with a child,[1] one count of lascivious conduct with a minor,[2] and two counts of indecent contact with a child.[3] In return, the State dismissed seven other charges.[4] The parties were free to argue for any lawful sentence.

At sentencing, the State argued for incarceration. Igou argued for deferred judgments or, alternatively, suspended sentences. The district court denied Igou's request for deferred judgments and adjudicated him guilty of the five crimes. The court imposed the maximum term of incarceration for each offense, specifically indeterminate terms not to exceed ten years for each lascivious acts with a child charge, not to exceed one year for the lascivious conduct with a minor charge, and not to exceed two years for each indecent contact with a child charge.

The district court broke the sentences into two groups. The first group consisted of the two lascivious-acts-with-a-child charges and the lascivious-conduct-with-a-minor charge. The court ordered the sentences for this first group of charges to be served concurrently to each other. The second group consisted

---

[1] Each of these crimes is a violation of Iowa Code section 709.8(1) (2020) and is a class "C" felony.

[2] This crime is a violation of Iowa Code section 709.14 and is a serious misdemeanor.

[3] Each of these crimes is a violation of Iowa Code section 709.12(1)(b) and each is an aggravated misdemeanor.

[4] Before the plea agreement was entered, Igou was charged with three counts of sexual abuse in the third degree (class "C" felonies), one count of lascivious conduct with a minor (a serious misdemeanor), and eight counts of indecent contact with a child (aggravated misdemeanors).

of the two indecent-contact-with-a-child charges. The court ordered the sentences for this group of charges to be served concurrently to each other. The court further ordered the sentences for each group of charges to be served consecutively to the sentences for the other group. This resulted in a sentence of an indeterminate term of incarceration not to exceed twelve years.

Igou appeals the sentences.[5] There is no dispute the sentences imposed were within statutory limits. When the sentence imposed is within statutory limits, we review sentencing decisions for an abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "An abuse of discretion is rarely found when sentence is imposed within the statutory maximum unless (1) the trial court fails to exercise its discretion or (2) the trial court considers inappropriate matters in determining what sentence to impose." *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983) (internal citations omitted).

Igou asserts the district court abused its discretion in imposing the sentences in two respects. First, he contends the district court did not properly weigh the presentence investigation report (PSI) recommendation for a suspended sentence. Second, he contends the district court considered improper comments by the prosecutor that Igou contends were based on unsubstantiated generalizations about the nature of sex offenders and asserted unproven facts.[6]

---

[5] Iowa Code section 814.6(1)(a)(3) (2020) requires a defendant to establish "good cause" to appeal except in instances where a defendant pleaded guilty to a class "A" felony. A defendant "has good cause to appeal an alleged sentencing error when the sentence was neither mandatory nor agreed to in the plea bargain." *State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020). Igou appeals a non-mandatory sentence that was not part of the plea bargain, so he has good cause to appeal.

[6] As for unsubstantiated generalizations, the comments with which Igou takes issue involved the prosecutor disagreeing with the PSI recommendation by

Before assessing Igou's claims, we find it useful to set forth the district court's statements explaining the reasons for the sentences imposed:

> The court has reviewed all of the pertinent information contained in the file as well as the statements of counsel here today, the statements of the defendant here today, and the victim impact statements that were presented to the court. The court has also reviewed and considered the presentence investigation report and has considered all of the sentencing options available under applicable law.
>
> [The district court then imposes the sentences.]
>
> In fashioning the sentence that I've imposed here, I've considered the following factors: the rehabilitation of the defendant; the protection of the community from further offenses by this defendant; the nature of the offenses; the circumstances of the offenses; the age, character, and propensity of the defendant; the chances of reform by the defendant; the defendant's record of criminal convictions; the defendant's employment status and history; the defendant's family circumstances; the plea agreement; and the fact that there were multiple incidents involving multiple victims.
>
> For the sake of a clear record, the court does not consider crimes that were alleged in the trial information against this defendant to which he has not pled guilty and which have not been proven by the State. But even based upon the offenses to which the defendant has pled guilty, there are multiple incidents with multiple victims, and that impacts the court's decision in sentencing. The court believes that the sentence imposed will provide for the maximum opportunity for the defendant's rehabilitation and protect

---

asserting the PSI placed too much weight on Igou's limited criminal history. The prosecutor stated:

> I think it is common for sex offenders, some of them who do horrendous things, to have very little criminal history. Many of them are well-liked by others and well-respected in the community; yet behind curtains and behind closed doors and in the dark they are completely other people. I don't believe you can get an accurate picture by just looking at a person's criminal history. I think the court has to consider all of the factors in reaching a decision in this case. I think perhaps the most telling statement of the defendant's character and most telling of what sentence should be imposed in this matter is looking at what he did.

As for the claimed unproven facts, Igou points to the prosecutor's comments that "this defendant used his position as a family member in order to get close to these victims. He groomed these victims over a period of time." Igou claims there was no evidence offered to support the allegation Igou groomed the children to enable him to commit the offenses to which he pleaded guilty.

the community from further offenses by this defendant. The court has considered the defendant's age, the nature and circumstances of the offenses, and the plea agreement. In deciding to run some of the sentences of incarceration consecutively, the court considered the separate nature of the offenses; the serious nature of the offense; the defendant's background and the prospects of rehabilitation for this defendant; and the fact that this included minor victims.

We start our assessment of Igou's claims by addressing his claim the district court failed to give adequate weight to the PSI recommendation for suspended sentences. We reject this claim. While the PSI recommendation is a factor that can be considered in imposing a sentence, the district court has no obligation to follow the PSI recommendation. *State v. Hopkins*, 860 N.W.2d 550, 557 (Iowa 2015). The court has the obligation to explain its reasons for selecting the sentence imposed, but it does not have to explain its reasons for rejecting a particular sentencing option. *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018). Here, the district court's comments make it clear the court considered the information in the PSI but chose not to follow the recommendation for suspended sentences. The court also adequately explained the reasons for selecting the sentences imposed, which also impliedly explained why the court rejected the requests for deferred judgments and suspended sentences. We find no abuse of discretion in the court's decision not to follow the PSI recommendation.

As to Igou's claim the court considered improper factors, the parties debate whether the challenged comments were improper. We need not resolve that debate because, even if we assume for the sake of discussion that the comments were improper, there is no indication the court relied on the statements in choosing the sentences imposed.

A sentencing court cannot rely on improper factors in choosing a sentence; if it does, resentencing is required. *State v. Boldon*, 954 N.W.2d 62, 73 (Iowa 2021). However, it was Igou's burden to show that the sentencing court relied on improper factors before he can overcome the presumption of validity. *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). Igou has not met his burden. As detailed above, the district court mentioned many proper considerations but never mentioned or referred to any of the factors Igou claims were improper. *See State v. Nichols*, No. 20-0570, 2021 WL 811096, at *2 (Iowa Ct. App. Mar. 3, 2021) ("And although the court also mentioned other proper considerations such as [the defendant's] age and employment, the court never mentioned the other wrongs alleged in the mother and grandfather's [victim impact] statements. This suggests the court properly exercised its duty to 'filter out' those improper considerations."). The presumption of regularity is only overcome when the defendant can point to "clear evidence" that impermissible factors were considered. *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). We give this presumption of regularity because we have "great confidence in judges" to "filter out improper or irrelevant" information, and we "will not assume a judge failed to do so." *Id.* There being no evidence, let alone clear evidence, that the district court considered the factors to which Igou objects, we find no abuse of the district court's discretion in choosing the sentences imposed.

Finding no abuse of discretion in the district court's selection of the sentences imposed, we affirm.

**AFFIRMED.**