# IN THE COURT OF APPEALS OF IOWA

No. 20-1170
Filed October 20, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERIC DEWAYNE CAMPBELL, JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter,

Judge.


        Defendant appeals his sentences following resentencing for convictions of

first-degree robbery and voluntary manslaughter. **AFFIRMED.**


        John C. Heinicke, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Greer and Badding, JJ.

**GREER, Judge.**

Eric Campbell Jr. was found guilty by a jury of his peers of first-degree robbery and voluntary manslaughter. He appealed both of his convictions and his original sentence to this court; we affirmed his convictions and remanded only for resentencing. *State v. Campbell*, No. 18-0764, 2020 WL 1049755, at *6 (Iowa Ct. App. Mar. 4, 2020). On remand, he was sentenced to twenty-five years with a 70% mandatory minimum for the robbery charge and ten years for the voluntary manslaughter to be served consecutively.[1] During the resentencing hearing, the court considered an Iowa Violence and Victimization Instrument (IVVI). No objection to the instrument was raised at the resentencing. Campbell appeals again, claiming ineffective assistance of counsel and an abuse of discretion by the district court in its sentencing.

Arguing his counsel should have objected to consideration of the IVVI, Campbell asks us to hear his ineffective-assistance-of-counsel claim on this direct appeal. We are not allowed to decide these claims on direct appeal. *See* Iowa Code § 814.7 (2020). Recent amendments to section 814.7 that created this limitation have an effective date of July 1, 2019. *State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020). While Campbell's original hearing and sentencing occurred before that date, his resentencing did not. And in appeals from resentencing, we have previously used the date of the resentencing hearing when determining what date controls for the purposes of section 814.7. *See State v. Hernandez*, No. 19-1717, 2020 WL 7385278, at *1 (Iowa Ct. App. Dec. 16, 2020) ("Because

---

[1] This sentence was identical to his original sentence. *See Campbell*, 2020 WL 1049755, at *1.

Hernandez's newly imposed sentence was entered after the effective date of this legislation, 'we lack authority to consider [his] ineffective-assistance-of-counsel claims on direct appeal.'" (alteration in original) (citation omitted)). Campbell does not challenge the constitutionality of these statutes. His ineffective-assistance-of-counsel claim is preserved for postconviction relief.

Alternatively, as a due process claim, Campbell invites us to overturn precedent that requires an objection to preserve error about the use of risk assessment tools considered at sentencing. *See State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (requiring an objection to risk assessment tools used in a presentencing report to raise a due process claim on appeal); *State v. Guise*, 921 N.W.2d 26, 29 (Iowa 2018) ("Guise failed to preserve his due process claim for direct appeal."). However, we are not at liberty to overrule supreme court precedent. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). We will not do so now.

Because we do not overturn *Gordon* and *Guise,* Campbell's claim that his sentence violates his due process rights cannot prevail. True, when a sentence is inherently illegal, we are not bound by the ordinary rules of error preservation. *State v. Bruegger*, 773 N.W.2d 862, 869, 872 (Iowa 2009). But, in this context, *Gordon*, 921 N.W.2d at 23–24, draws a distinction between claiming a sentence is illegal and claiming due process rights were violated. *See also Bruegger*, 773 N.W.2d at 871 ("[A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional. This conclusion does not

mean that any constitutional claim converts a sentence to an illegal sentence."). When an appellant claims the latter, regular rules of error preservation still control. *Gordon*, 921 N.W.2d at 23. And, under *Gordon* and *Guise*, error must be preserved by raising the due process concern over the risk assessment tool at sentencing. *Gordon*, 921 N.W.2d at 23; *Guise*, 921 N.W.2d at 29.

In another attack on the sentence, Campbell further asserts that the IVVI falls outside the statutory bounds of information to consider at sentencing under Iowa Code section 901.3 and so the sentence was illegal. In simple terms, his argument rests on not knowing how the risk assessment tool was created or if it was valid. In *State v. Headley*, 926 N.W.2d 545, 549–50 (Iowa 2019), the defendant made a similar argument criticizing the use of risk assessment tools in his sentencing. The supreme court looked to Iowa Code section 901.5, which directs courts to "receive[] and examine[] all pertinent information." *Headley*, 926 N.W.2d at 550 (quoting Iowa Code § 901.5). It determined that risk assessment tools qualify as "pertinent information" and so fall within the statutory bounds for sentencing. *Id.* at 551. Likewise, the district court, in sentencing Campbell, stayed within the statutory bounds—his sentence is not inherently illegal.

As error was not preserved for Campbell's due process claims, we cannot decide his ineffective-assistance-of-counsel claim on direct appeal, and the court did not violate the statutory bounds by considering the IVVI at resentencing, we affirm Campbell's sentences. Any remaining concerns are best addressed through the avenue of postconviction relief.

**AFFIRMED.**