**IN THE COURT OF APPEALS OF IOWA**

No. 21-0903
Filed March 2, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTOINE FLOURNOY JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Tamra Roberts, Judge.

Defendant appeals his sentences for conspiracy to commit a forcible felony as a habitual offender and possession of a firearm as a felon. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by May, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

Antoine Flournoy Jr. appeals his sentences for conspiracy to commit a forcible felony as a habitual offender and possession of a firearm as a felon. We find the district court did not abuse its discretion by sentencing Flournoy to a term of imprisonment. We affirm Flournoy's sentences.

On January 17, 2020, Flournoy was charged with attempted murder, willful injury causing serious injury, intimidation with a dangerous weapon, conspiracy to commit a forcible felony, and possession of a firearm by a felon. The State alleged Flournoy was a habitual offender. The charges arose from a shooting incident in Bettendorf.

Pursuant to a plea agreement, on May 6, 2021, Flournoy pled guilty to conspiracy to commit a forcible felony, in violation of Iowa Code section 706.3(1) (2020), a class "C" felony, as a habitual offender; and possession of a firearm as a felon, in violation of section 724.26(1), a class "D" felony. The State agreed to recommend concurrent sentences. The State also agreed that it would not resist supervised probation if deemed appropriate by the Iowa Department of Corrections. The presentence investigation report filed prior to sentencing recommended incarceration.

The district court sentenced Flournoy to a term of imprisonment not to exceed fifteen years on the charge of conspiracy to commit a forcible felony and a term not to exceed five years on the charge of possession of a firearm as a felon, to be served concurrently.[1] Flournoy now appeals his sentences.

---

[1] Flournoy's probation on a different charge of possession of a firearm as a felon was revoked. The incident giving rise to this different charge occurred after the

Iowa Code section 814.6(1)(a)(3) provides a defendant has a right to appeal from a final judgment of sentence, except in the case of "[a] conviction where the defendant has pled guilty. This subparagraph does not apply to a guilty plea for a class 'A' felony or in a case where the defendant establishes good cause." Flournoy has the burden to show good cause for his appeal. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). The Iowa Supreme Court has determined "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020); *see also Boldon*, 954 N.W.2d at 69 (finding good cause where a defendant challenged "the sentencing hearing and his sentence"). We conclude Flournoy's challenge to his sentences establishes good cause for his appeal.[2]

A court's sentencing decisions are reviewed for an abuse of discretion when the sentence is within the statutory limits. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). We will not find an abuse of discretion "unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A ruling is untenable when it is based on an erroneous application of law. *Gordon*,

---

shooting incident giving rise to the charges in this appeal, but Flournoy was sentenced on the different charge before the sentencing in this case. His sentence on the different charge was made concurrent to his sentences in this case.

[2] The *Damme* court also held that the good-cause requirement is satisfied when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain. 944 N.W.2d at 105. In the instant appeal, Flournoy's sentences are neither mandatory nor agreed to as a result of a plea bargain.

921 N.W.2d at 24. "If the evidence supports the sentence, the district court did not abuse its discretion." *Id.* at 24–25.

Flournoy claims the district court abused its discretion by sentencing him to prison. He points out that under section 907.5(1), when making a decision concerning whether a defendant should be placed on probation, "the court first shall determine which option, if available, will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others." He states that under this provision the court's primary consideration should be rehabilitation of the defendant. He claims he should have been placed on probation, where he could better meet his need for mental-health and substance-abuse treatment. Flournoy asserts the maximum opportunity for rehabilitation and reentry into the community could be reached through probation.

The Iowa Supreme Court has stated:

> In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. Furthermore, before deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing.

*Formaro*, 638 N.W.2d at 724–25 (citations omitted).

The court cannot consider rehabilitation to the exclusion of other factors. *Id.* The district court noted Flournoy was not previously successful on probation,

as he was being sentenced for a probation revocation at the same time as the sentencing in this case. The court further recited that consideration was given to the appropriate rehabilitative plan and the need for public protection. The court also considered, among other factors, the seriousness of the crime, the effect the crime had upon members of the community, the defendant's age, the nature of the offense, and the defendant's criminal history. As to the defendant's request for a suspended sentence, the court stated:

> The Court is going to deny the request for probation. I think the defendant's track record of probation is a good indicator to the Court that he's not going to be successful. Also, I think the defendant, given that they're more violent crimes, needs to have higher consequences than just probation. I think that he will also be able to rehabilitate with the programming that they do have in our prison system, and I think that that will be the best place for him to rehabilitate.

We conclude the district court did not abuse its discretion in sentencing Flournoy to a term in prison rather than placing him on probation. The court considered several factors, as required by section 907.5. The court looked at "rehabilitation of the offender *and* the protection of the community from further offenses." *See id.* (emphasis added). The court noted Flournoy was not previously successful on probation and was convicted of violent crimes.

We affirm Flournoy's sentences.

**AFFIRMED.**