# IN THE COURT OF APPEALS OF IOWA

No. 21-0011
Filed March 30, 2022


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARQUIS BRUMFIELD,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.


Marquis Brumfield appeals his convictions and sentences imposed for going armed with intent, possession of a firearm by a felon, and carrying weapons. **JUDGMENT AND SENTENCES CONDITIONALLY AFFIRMED, RULING ON NEW TRIAL MOTION VACATED AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


Considered by Bower, C.J., Ahlers, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCOTT, Senior Judge.**

Marquis Brumfield appeals his convictions for going armed with intent, possession of a firearm by a felon, and carrying weapons. He contends the trial court used the wrong standard in denying his motion for new trial and considered improper factors in imposing sentences. The court employed an improper standard in ruling on the motion for new trial but did not abuse its sentencing discretion. We conditionally affirm the convictions and sentences but vacate the district court's ruling on the motion for new trial and remand the case for the district court to apply the weight-of-the-evidence standard.

**I. Background Facts.**

At about 11:00 a.m. on May 20, 2020, Diamond Johnson ran into the street and flagged down Officer Marc Jasper as he was driving by her apartment building. Johnson told the officer a man had pulled a gun and threatened to shoot her. Officer Jasper saw two men in the parking lot—Brumfield walked toward Officer Jasper's car, and Charles Allen went into the apartment building. The officer had the impression Allen had something heavy in his pocket weighing down his shorts. Johnson told the officer that Brumfield had threatened her by pointing a small red gun at her head. Brumfield first denied having a gun or threatening Johnson. Brumfield was handcuffed and placed in the back seat of Officer Jasper's vehicle.

Officer Jasper obtained surveillance video from both inside the apartment building and the parking lot. On the video, Brumfield and Allen are seen coming from the second floor of the apartment building and leaving through the door near the parking lot. It appears Brumfield is holding something in his hand. Brumfield and Allen approach Johnson in her vehicle, Brumfield can be seen gesturing with

one hand while the other is at his side. He leans in near Johnson's open door. As the police car drives by, Brumfield and Allen walk away and Johnson runs out of her car toward the street. Brumfield hands something to Allen, who walks toward the apartment building while Brumfield stays outside.

Surveillance video from inside the apartment building shows Allen enter the building and go upstairs to the second floor, then return downstairs with Jalila Pendleton, Brumfield's girlfriend. Allen exits the building and Pendleton returns to the second floor, then makes her way to the basement. She returns to the second floor and then later goes outside. When police searched the basement, they found a black and red handgun on the floor under a black bag in an unassigned storage locker.

When Brumfield learned a gun had been found in the apartment building, he spoke with Officer Jasper and told him he had lied earlier and that he did have a gun when he confronted Johnson. He stated he held the gun to his chest but denied pointing it at Johnson or threatening her. Later in his discussion with Officer Jasper, Brumfield told him that in handing the gun off to Allen, he had saved the officer's life, because if he had been caught with a gun, he would not have surrendered it. Brumfield also told the officer that by driving by when he did, he had actually saved Johnson's life because Brumfield intended to shoot her. Brumfield was taken to the police station. At the police station, Brumfield twice more stated he intended to shoot Johnson.

Brumfield was charged with going armed with intent as a habitual offender, being a felon in possession of a firearm as a habitual offender, and carrying weapons.

At trial, Johnson testified that she was in her car in the parking lot when Brumfield came over to her with a gun and put it towards her head. She berated Brumfield for threatening to shoot her with the children nearby. He told her she talked too much then turned and gave the gun to another man who took it inside while she flagged down the police. She said the gun was gray with red on it. She denied being afraid when Brumfield pointed the gun at her. It was clear there was a great deal of animosity between her and Brumfield.

Martha Onyuka testified that she was outside talking to Johnson when Brumfield approached Johnson and put a red gun to Johnson's head and said he was going to blow her brains out.

Brumfield testified that despite what he told Officer Jasper, he did not have a gun when he confronted Johnson. He explained that Johnson's cousin did not like that Brumfield was dating Pendleton and had been using Johnson to harass him. He stated Johnson had arrived at the apartment complex May 20, threatening to fight Pendleton and saying her cousin was going to come shoot up the building. Brumfield testified he went to the parking lot to confront Johnson. He said Johnson made up the story about the gun. Brumfield testified that when he saw the police, he handed off his wallet, his phone, and some marijuana he had in his pocket to Allen to take inside. When he learned police found a gun, he realized it was his girlfriend's gun, and to keep her out of trouble he made up the story he told Officer Jasper about having a gun and threatening Johnson.

The jury returned guilty verdicts. Brumfield moved for a new trial on grounds the verdicts were contrary to the weight of the evidence. The court denied the motion and imposed judgment and sentences.

Brumfield appeals.

## II. Standard of Review.

We review the denial of a motion for new trial for an abuse of discretion. *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). We also review a sentence within the statutory limits for an abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "We will find an abuse of discretion when 'the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable. *Id.* (citation omitted).

## III. Discussion.

*A. Motion for new trial.* Brumfield moved for a new trial pursuant to Iowa Rule of Criminal Procedure 2.24(2)(b)(6), arguing the verdict was contrary to the evidence. Contrary to the evidence means "contrary to the weight of the evidence." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). The court "may weigh the evidence and consider the credibility of witnesses. If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted." *Id.* at 658–59 (citation omitted). "A district court should grant a motion for a new trial only in exceptional circumstances." *Ary*, 877 N.W.2d at 705.

In ruling on the motion for new trial, the district court stated:

> [I]t is the exceptional case in which the evidence preponderates heavily against the verdict that a new trial would be granted. In this particular case we had both Ms. Johnson and Martha Onyuka . . . testify. And both of them gave very consistent testimony regarding the defendant pointing a gun at Ms. Johnson.
> And in fact, Ms. Onyuka said that Mr. Brumfield held the gun up to Diamond's head. That was consistent with not only what Ms. Johnson said, but in addition in many ways consistent with what Mr. Brumfield had told the police regarding his anger and his intention on that particular day.

> Credibility determinations are solely a matter for the factfinder. The jury is free to believe or disbelieve any testimony it chooses and to give weight to the evidence that it believes it should receive. In this particular case there is no reason to find that the testimony was absurd, impossible, or self-contradictory, which would be the standard for the court to interfere with that credibility determination. As such, the motion for new trial is also denied.

Brumfield contends the district court abused its discretion by applying the incorrect standard and failing to weigh the evidence and make its own credibility determinations without deference to the jury's findings when it ruled on Brumfield's motion for new trial. The State responds by asserting the court found the testimony of Johnson and Onyuka and Brumfield's statements to police were credible. However, what the court found was that the statements were "consistent." We will not assume the trial court equated the two terms.

> When deciding such a motion, the district court is entitled to weigh the evidence and *consider the credibility of the witnesses*.[1] If the court determines the verdict is contrary to the weight of the evidence and a miscarriage of justice may have occurred, it is within the court's discretion to grant a new trial. The weight-of-the-evidence analysis is much broader than a sufficiency-of-the-evidence analysis in that "it involves questions of credibility and refers to a determination that more credible evidence supports one side than the other." Only in the extraordinary case, where the evidence preponderates heavily against the verdict, should a district court lessen the jury's role as the primary trier of fact and invoke its power to grant a new trial.

*State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008) (emphasis added) (citations omitted).

The trial court erred in applying the sufficiency-of-the-evidence standard rather than the weight-of-the-evidence standard and stating that "credibility

---

[1] This is contrary to the standard employed when reviewing a sufficiency-of-the-evidence claim where "the credibility of witnesses is for the factfinder to decide except those rare circumstances where the testimony is absurd, impossible, or self-contradictory." *State v. Neitzel*, 801 N.W.2d 612, 624 (Iowa Ct. App. 2011).

determinations are solely a matter for the factfinder." Our review "does not extend to 'the underlying question of whether the verdict is against the weight of the evidence.'" *Ary*, 877 N.W.2d at 707 (citation omitted). We therefore vacate the district court's ruling on the new trial motion and remand for reconsideration of the motion under a weight-of-the-evidence standard.

*B. Sentencing.* Brumfield next asserts the court failed to consider his mental-health issues as mitigating circumstances when sentencing him. We cannot agree. Brumfield's mental-health issues were included and discussed in the presentence investigation report. The district court was aware of the issues, pointing out to Brumfield where his mental-health issues were discussed in the report. Before entering sentence, the court stated:

> I am required to state on the record my reasons for selecting a particular sentence. The court is specifically considering the factors set out in section 907.5 of the Code of Iowa [(2020)]. I am specifically considering what sentence will provide a maximum opportunity for rehabilitation for Mr. Brumfield as well as providing maximum protection for the community.
>
> Mr. Brumfield, I am considering your criminal history, which is extensive. I'm considering the nature of the offense that you've committed. I understand that you take exception with what you are charged with. However, the court did have the opportunity to listen to all of the evidence that was presented here to the jury and has no qualms about the jury's verdict in your particular case.
>
> I am considering your age, you education, your needs, and the needs of society. And I find that a prison sentence is appropriate.

We conclude the court considered appropriate factors and its reasons for the sentence imposed were neither untenable nor unreasonable. We find no abuse of the court's sentencing discretion.

**JUDGMENT AND SENTENCES CONDITIONALLY AFFIRMED, RULING ON NEW TRIAL MOTION VACATED AND REMANDED.**