# IN THE COURT OF APPEALS OF IOWA

No. 22-0554
Filed March 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**OSCAR ROBLES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Crawford County, Jeffrey L. Poulson,

Judge.


        A defendant appeals the sentences imposed by the district court after his

guilty pleas entered pursuant to a plea agreement. **AFFIRMED.**


        Dean Stowers of Stowers & Nelsen, PLC, West Des Moines, for appellant.

        Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Oscar Robles appeals the sentences imposed by the district court following his guilty pleas entered pursuant to a plea agreement. Robles contends the court abused its sentencing discretion by failing to consider a mitigating factor. Because we find no abuse of discretion by the district court, we affirm the sentences.

## I. Background Facts and Proceedings.

Between July 2018 and December 2020, the State initiated two cases against Robles. In December 2021, the parties reached a combined plea agreement whereby Robles pled guilty to (1) lascivious acts with a child, a class "C" felony in violation of Iowa Code sections 709.8(1)(c) and 709.8(2)(a) (2018); (2) assault causing bodily injury, a serious misdemeanor in violation of Iowa Code sections 708.1(2)(a) and 708.2(2) (2020); and (3) trespass, a simple misdemeanor in violation of Iowa Code sections 716.7(2)(a)(1), 716.8(1), and 805.8C(11). Pursuant to the plea agreement, the State did not offer a sentencing recommendation at the hearing. Robles requested a suspended sentence and probation. The pre-sentence investigation (PSI) report recommended incarceration.

During the pendency of these cases, Robles was diagnosed with cancer that began in his intestines and metastasized to other parts of his body. He had major abdominal surgery to address the cancer in 2021. At sentencing in March 2022, Robles was still engaged in treatment. In addition to regular appointments, he reported needing monthly shots and a CT scan every three months for at least the next year.

Ultimately, the district court sentenced Robles to: (1) an indeterminate term of incarceration not to exceed ten years for the felony; (2) thirty days of incarceration, to be served concurrently with the felony sentence, and a $430 fine for the assault; and (3) a $260 fine for trespassing. The court suspended the fines and their surcharges. Robles filed a timely appeal.

## II. Review.

While the right of appeal is limited for convictions reached pursuant to a plea agreement, there is good cause for appeal when the challenge, as here, is to a discretionary sentence rather than the guilty plea. *See* Iowa Code § 814.6(1)(a)(3); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). We review the sentencing order in a criminal case for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* (citation omitted). An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (citation omitted).

## III. Discussion.

Robles alleges the district court abused its discretion when sentencing him by failing to consider his medical history. His cancer diagnosis and treatment were outlined in the PSI report. Robles and his attorney also described his medical concerns during the sentencing hearing. However, the court did not specifically enunciate Robles's medical history during the hearing or in its sentencing order.

While the court must "consider all the circumstances of a particular case . . . it is [not] required to specifically acknowledge each claim of mitigation

urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (internal citation omitted). In fact, "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.* "Instead, we review a sentence for an abuse of discretion based on the entire record, and look to see if the reasons articulated by the trial court are sufficient to enable us to determine if an abuse of discretion occurred." *Id.*

Here, the sentencing court explained its decision as follows:

> First of all, looking at the defendant's history, he has a history of criminal convictions, many of them are substance-abuse related. He has been offered community resources. He began outpatient treatment as was required by the substance abuse evaluation and terminated those treatment procedures unsuccessfully.
> The facts and circumstance of this offense are particularly offensive. Here you have a 32-year-old man sexually taking advantage of a 12-year-old girl, who was a family friend, who had reason to trust him, and I think that these facts and circumstances are particularly egregious.
> And because of the nature and severity of this activity, I believe that one of the elements that the court system is responsible for is providing appropriate punishment. I know that this has had a tremendous and adverse effect on your life, but it's changed the victim's life permanently. You heard her victim impact statement. This—this has, in some respects, taken away her childhood. It's affected her ability to have relationships with men in a normal sense.
> And when I consider the long-term consequences on her, I believe that the appropriate punishment in this case is to impose the sentence as recommended in the presentence investigation.

We find this explanation sufficient to conclude there was no abuse of discretion. "The sentencing court has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). "In exercising this discretion, the court may consider a variety of circumstances, including the nature of the offense and attending circumstances, as well as the defendant's age, character,

propensities and chances of reform." *Boltz*, 542 N.W.2d at 10. "Furthermore, before deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

The court expressly noted many of these factors, including Robles's prior criminal record and the nature of the current offenses. During the hearing, Robles shared that he has a job lined up and wants to support and be with his wife and three young children while fighting cancer. The sentencing order includes a checked box to indicate that the court considered the defendant's family circumstances. The fact that the court did not articulate Robles's medical history does not mean it was not considered. Moreover, "[p]risoners have a due process right to receive medical care when they are in the government's custody." *Mercy Hosp. Med. Ctr. v. Cnty. of Marion*, 590 N.W.2d 41, 42 (Iowa 1999). On this record, we are satisfied the district court considered appropriate sentencing factors and provided sufficient reasons for imposing the term of incarceration it selected. We find no abuse of discretion and affirm Robles's sentences.

**AFFIRMED.**