**IN THE COURT OF APPEALS OF IOWA**

No. 22-0708
Filed June 21, 2023

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**TYSHAUN DAMIRAEY McKINNEY,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

     Tyshaun McKinney appeals his sentences for theft in the first degree and going armed with intent. **AFFIRMED.**

     Chris Raker, East Dubuque, Illinois, for appellant.

     Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

     Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Tyshaun McKinney appeals his sentences for theft in the first degree and going armed with intent, asserting the district court improperly relied on the contents of a sealed examination prepared for a transfer-of-jurisdiction hearing. We find McKinney did not preserve error on his claims and affirm.

**I. Background Facts & Proceedings.**

On August 1, 2021, McKinney robbed a convenience store while wielding a firearm. McKinney was sixteen years old at the time. McKinney was charged as an adult with robbery in the first degree, in violation of Iowa Code section 711.2 (2021), and assault while participating in a felony, in violation of section 708.3. The trial information further indicated he would be subject to a sentencing enhancement for using a handgun during the robbery as provided under Iowa Code section 902.7.

McKinney filed a motion to transfer jurisdiction of his case to the juvenile court for adjudication and disposition. Juvenile court services prepared a waiver investigation report recommending McKinney remain in adult court. McKinney had a psychological evaluation prepared and submitted to the court ahead of the hearing on his motion to transfer jurisdiction, requesting the evaluation be sealed as confidential information. The court admitted the evaluation and sealed it at a Level 3 security level.[1] The court ultimately denied McKinney's motion, finding the

---

[1] A document sealed at Level 3 security in adult cases in the court's electronic filing and case management system is accessible to participating attorneys, internal court personnel, and clerks of court and judges. Iowa Judicial Branch, *EDMS Security Levels* 4 (Feb. 3, 2023), https://www.iowacourts.gov/static/media/cms/EDMSSecurityLevels_F52E0C9950721.pdf.

juvenile system did not offer a viable placement option which would both serve the child and protect society.

After the court denied the motion to transfer, McKinney and the State reached a plea agreement. McKinney pleaded guilty to amended charges of theft in the first degree, in violation of section 714.2, and going armed with intent, in violation of section 708.8.

The plea agreement noted the State would argue for consecutive sentences, and McKinney would be free to argue for a deferred or suspended sentence. The presentence investigation report (PSI) recommended consecutive sentences. The PSI investigator reviewed the psychological report and referenced it in the final report. McKinney did not object to the use of the psychological evaluation in the PSI.

In its sentencing argument, the State referenced findings from the sealed psychological evaluation submitted as part of McKinney's motion to transfer to juvenile court.[2] The references were also included in the State's resistance to the motion to transfer filed several months earlier. McKinney did not object to the references at the sentencing hearing, and his counsel used the references to support mitigating factors of youth. During his own allocution, McKinney explained some of his troubled history and then told the court

> And as the district attorney stated, that I woke up that day and thought it was going to be fun to go rob a convenience store, and note as I had stated to the judge beforehand, that—it's in my PSI. That—it's in my PSI that I told him that I woke up on different substances. I popped pills, smoked weed, and I woke up with a

---

[2] Considering the confidentiality concerns expressed in McKinney's appeal, we do not share here the exact language objected to.

cloudy mind, wasn't thinking straight, and I walked in the store and I robbed the place.

The court imposed the statutory sentence for each charge and ordered them to run concurrently. McKinney appeals his sentences.[3]

## II. Standard of Review.

We will not reverse a district court's sentencing decision "absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion may occur

> if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

*State v. Roby*, 897 N.W.2d 127, 138 (Iowa 2017) (citation omitted). If a court uses an improper consideration in sentencing, "resentencing of the defendant is required . . . even if it was merely a 'secondary consideration.'" *Damme*, 944 N.W.2d at 106 (citation omitted).

## III. Error Preservation.

McKinney asserts at sentencing the district court erroneously relied on the psychological evaluation filed as part of his motion to transfer. He argues the information in the evaluation was confidential and the statements in the evaluation were specific to the transfer hearing and not admissible under Iowa Code section

---

[3] "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

232.45(11)(b).[4] He claims the court's use of the evaluation at sentencing violated his due process rights and his right against self-incrimination.

Generally speaking, "a defendant need not first challenge a district court's abuse of discretion at the time of sentencing to have the matter directly reviewed on appeal." *State v. Gordon*, 921 N.W.2d 19, 22 (Iowa 2018). As a matter of fairness, we do not require a defendant at sentencing to "question the court's exercise of discretion or forever waive the right to assign the error on appeal." *Id.* (citation omitted). However, there are distinctions between claiming the sentence is intrinsically unconstitutional and claiming errors in the proceedings prior to imposition of sentence. *Id.* at 23.

In *Gordon*, the defendant "claim[ed] the use of the risk assessment tools violates his due process rights." *Id.* at 23. The court noted the use of the risk assessment tools was incorporated into Gordon's PSI before sentencing, and, after reviewing the report, Gordon did not object to the use of the tools. *Id.* The claimed error "occurred in the proceedings prior to the imposition of sentence." *Id.* The court found, "Because Gordon's claim does not involve the inherent power of the court to sentence him for his crime, the normal rules of error preservation apply." *Id.*

Here, McKinney is not claiming his sentence is intrinsically unconstitutional; he claims use of his voluntarily-submitted psychological evaluation violates his due process rights and right against self-incrimination. McKinney asserts error was

---

[4] Section 232.45(11)(b) provides, "Statements made by the child during intake or at a waiver hearing held [to determine whether to proceed in juvenile or adult court] are not admissible as evidence in chief against the child in subsequent criminal proceedings over the child's objection in any event."

preserved when the district court granted his motion to file the evaluation under seal with a heightened security level. The State simply noted errors in sentencing may be challenged on direct appeal even without an objection below. We do not find either party's error preservation statement applicable.

As in *Gordon*, the error McKinney asserts was apparent at the time of the PSI report and could have been raised with the court at the time of sentencing. "A court has a right to rely on the information in the PSI when the defendant fails to object to the information contained in the PSI." *Id.* at 24.

McKinney failed to object to the use of the evaluation in the PSI and its use at sentencing. Therefore, the court had a right to rely on the PSI and the evaluation. We find McKinney failed to preserve his due process and self-incrimination claims for direct appeal.

**AFFIRMED.**