# IN THE COURT OF APPEALS OF IOWA

No. 23-0587
Filed January 24, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BOBBY TREMONT HESTER JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County,
Linda M. Fangman, Judge.


Bobby Tremont Hester Jr. appeals the sentences imposed by the district
court after pleading guilty. **AFFIRMED.**


Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney
General, for appellee.


Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Bobby Tremont Hester Jr. appeals the sentences imposed by the district court after pleading guilty to domestic abuse assault and child endangerment. He contends the court abused its discretion when sentencing him because the sentence was "overly harsh" and the court failed to consider certain mitigating factors. Because we find no abuse of discretion by the district court, we affirm the sentences.

## I.  *Background Facts and Proceedings.*

On November 1, 2022, Hester strangled his then-girlfriend, lifting her off the ground by her neck. He then punched her in the face several times. Their three-year-old daughter watched the violence unfold. As a result, the State charged Hester with: Count I, domestic abuse assault by impeding breathing or circulation; Count II, child endangerment; and Count III, domestic abuse assault causing bodily injury. He pled guilty to all three counts.

At the sentencing hearing, the State requested that the court follow the recommendations from the presentence investigation report (PSI) for incarceration. Hester requested a suspended sentence and probation. The victim also made a statement in which she forgave Hester and asked the court to impose a suspended sentence. The district court sentenced Hester to an indeterminate five-year term of incarceration for Count 1, a two-year term for Count II, and a one-year term for Count III. It ordered all three to run consecutively with his parole-revocation sentence but concurrently to one another. Hester appeals, contending the district court abused its discretion in sentencing.

## II.     Review.

We review sentences for correction of errors at law.  *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).  "A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor . . . .'"  *Id.* at 105–06 (citation omitted).  Accordingly, we will reverse only if the sentencing court abused its discretion.  *Id.* at 103, 106.  An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable."  *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (citation omitted).

## III.     Discussion.

Hester argues the district court abused its sentencing discretion by disagreeing with the victim's recommendations and failing to properly weigh his physical- and mental-health issues reported in the PSI.  But he fails to explain how the district court's exercise of discretion was "unreasonable or untenable."  *See id.*; *see also* Iowa R. App. P. 6.903(2)(g)(3) (waiving issues inadequately argued on appeal).  Even if Hester had effectively argued this point, we still reject Hester's claim that the district court abused its discretion.

In making its determination, the sentencing court weighs factors such as "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform."  *Damme*, 944 N.W.2d at 106 (citation omitted).  It weighs these factors against the defendant's criminal history, personal circumstances, and the societal goals of sentencing.  *Id.* Although the sentencing court must consider all the appropriate factors when determining a sentence, it is not "required to specifically acknowledge each claim

of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). While we expect the court to consider the proper circumstances, we do not anticipate this will "always lead to the same sentence." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). "Yet, this does not mean the choice of one particular sentencing option over another constitutes error." *Id.*

At the sentencing hearing, the court explained its reasoning in selecting the sentences imposed:

> The court is considering the factors set out in section 907.5 of the Code of Iowa. The court is specifically considering what sentence will provide a maximum opportunity for rehabilitation for [Hester] as well as providing maximum protection for the community from further offenses.
> . . . I'm not sentencing you because I'm making any judgments on you as a person. You must be a decent person, because apparently [the victim], while she doesn't want to have a relationship, is willing to forgive you; and so there must clearly have been a connection between the two of you.
> I am considering your criminal history. I'm considering the nature of this particular offense. I'm considering your age, your education, your needs, and the needs of society.
> . . . .
> [Hester], the problem here is you have a number of different felonies already on your record, particularly for somebody so young. I understand what you're saying that this is the first time that you've had a domestic violence charge, and I understand that you believe that that may be to your benefit; but what that says to me is that you are now expanding the type of crimes you've committed.
> . . . .
> This is a violent offense. Your child was present. It is very significant you're still on parole. If you are still on parole and picking up felonies, then there has not been a sufficient intervention to get you to be rehabilitated and to change that thinking.

The district court considered the entirety of the circumstances of the case, including the mitigating factors expressed by Hester. But it also considered Hester's criminal history, the particularly violent nature of the offense itself, and his potential for reoffending based on his past behavior. There is no evidence that the

district court's analysis or adoption of a different sentence than what Hester wanted was unreasonable. *See Gordon*, 921 N.W.2d at 24. Because we find that the district court did not abuse its discretion, we affirm Hester's sentences.

**AFFIRMED.**