# IN THE COURT OF APPEALS OF IOWA

No. 23-1815
Filed January 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANDREW DAVID BIERBAUM,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, Judge.


A criminal defendant appeals his discretionary sentence after pleading guilty. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.


Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Andrew Bierbaum appeals a discretionary sentence imposed following guilty pleas to theft in separate case numbers. Bierbaum argues the district court abused its discretion when imposing a prison sentence by relying on what he claims was an impermissible factor—his substance-abuse history and failure to rehabilitate. Finding this consideration required by law and proper, we discern no abuse of discretion and affirm.

### I.      Background Facts and Proceedings

Bierbaum stole clothing from a sporting goods store and retail items from a grocery store in West Des Moines. The Dallas County Attorney charged him by trial information in separate cases with two counts of theft in the third degree, aggravated misdemeanors in violation of Iowa Code sections 714.1(1) and 714.2(3) (2023). Bierbaum pled guilty as charged, and the cases were set for a joint, contested, and in-person sentencing.

When interviewed by the pre-sentence investigation report (PSI) author, Bierbaum described the crime by explaining he was under the influence of heroin and decided to shoplift and sell the stolen goods to support his drug habit. Bierbaum also told the investigator he had a long history of abusing controlled substances, including marijuana, cocaine, ecstasy, heroin, and methamphetamine. The investigator also spoke with Bierbaum's brother and mother, who confirmed his history of substance abuse. The PSI also documented multiple past attempts at treatment for drug abuse, some of which Bierbaum was noncompliant with or refused to participate in, and some of which he completed but nonetheless returned to substance abuse afterward. The PSI incorporated

Bierbaum's substance-abuse evaluation, which documented diagnoses relating to use of cannabis, stimulants, amphetamine-type substances, and opioids. And it also documented Bierbaum's struggles with a variety of mental-health problems. The PSI ultimately recommended Bierbaum be placed on probation and receive substance-abuse and mental-health treatment.

At sentencing, Bierbaum had no substantive corrections or additions to the PSI. The State recommended incarceration, while Bierbaum requested probation based in large part on what his attorney described as his "drug problem" and attempts to seek additional treatment and rehabilitate. In response, the State emphasized Bierbaum's long history of failing to rehabilitate—including six probation violations and revocations, a revoked deferred judgment, a total of nine theft convictions, and multiple failed attempts to treat his drug addiction. In allocution, Bierbaum detailed his history, which he summarized as "an ongoing life of crime making regrettable decisions due to my struggles with addiction and mental health." He told the court he thought he was ready to break out of this "vicious cycle" and commit fully to treatment.

The court imposed a prison sentence, and we reproduce its reasons for sentence with full context, given the claim on appeal:

> Well, there are some things with which I agree that I have heard from both the State and the defendant. One is I think that all of defendant's actions arise from the addiction. I don't necessarily think that criminogenic behavior is at the top of the list. I think it's addiction. While it doesn't seem that there's any obvious danger to the public, the Court always has to be concerned about somebody who is high driving a vehicle or sharing their drugs or something else that could be dangerous.
>     As I read the PSI, I don't think there's any dispute that defendant has had a lot of opportunities, and I also think it's undisputed that all the opportunities in the world aren't going to help

if the person with the addiction doesn't get themselves to the point where they can accept it.

I hear what the defendant is saying and what his attorney has very clearly stated about seeing a change right now. It's not that I don't believe you, but I often see somebody with a present and honest desire to change when they're standing in front of the bench getting ready for sentencing. The issue is always long-term stability.

I believe that given the level of addiction, for which there have been multiple treatments, inpatient and outpatient, and apparently diagnosed mental health issues of bipolar that I don't see have been treated—maybe they have been, but I didn't see anywhere in the PSI where there's been specific treatment for that—I have serious concerns about whether the defendant can be successful without some really serious structure. I think that is what is necessary. Part of the reason I think that is because everything else has been tried. My concern about simply looking for another outpatient facility is it's insufficient. It's not enough structure.

I don't like doing this. I see no other option. So, Mr. Bierbaum, the Court is going to adopt the recommendation of the State and sentence you to a period of not to exceed two years, run concurrently on both counts with minimum fines plus court costs and surcharges with the specific instruction that the purpose is for you to get maximum benefits of as much treatment for those addictions as well as for your mental health issues as possible.

I would love to say that I—and I will tell you, I believe you when you stand here before me today and you feel there's been a change. I believe [defense counsel] when she says she sees a difference. The problem is based on the history, which is what I have to rely on, that I don't have a basis for believing that there will be long-term stability, and I've got to give you the best opportunity I can to achieve that.

So what I'm asking you to do with this sentence is to take advantage of that time, use that stability to do whatever you need to do to deal with this. Don't allow yourself to victimize yourself and say, "The mean Court sent me to prison." Say, "I'm going to go do this because it's going to give me the best opportunity to deal with this addiction."

Bierbaum appeals, challenging only his sentence.

## II.    Standard of Review

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate

matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To show an abuse of discretion, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable grounds. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

### III. Discussion

Bierbaum's appellate claim, as we understand it, has three subparts. First, he argues consideration of his "drug addiction" was impermissible. Next, he contends the district court improperly focused only on this factor to the exclusion of others. And third, he asserts the district court more generally abused its discretion by sentencing him to prison. We consider each claim.

First, is drug addiction a permissible sentencing consideration? Iowa Code section 907.5(1)(e) required the sentencing court to consider Bierbaum's "substance use disorder history."[1] The Code also required the court to consider information provided in the PSI, such as Bierbaum's admissions and substance-use history. *See* Iowa Code § 901.2. And Bierbaum's failure to object to the PSI at sentencing waives any claim he might make about that information now. *See State v. Gordon*, 921 N.W.2d 19, 23–24 (Iowa 2018). Even setting these two compelling points aside, it was Bierbaum himself who put his drug addiction front and center at sentencing, through arguments by his attorney and his allocution seeking leniency. This court has held in the past that a sentencing court

---

[1] Before July 1, 2023, this provision required the court to consider a defendant's "substance abuse history." We do not think this change in legislative language was intended to be substantive, as the bill made more than one hundred changes throughout the code updating "substance abuse" to "substance use disorder." *See generally* 2023 Iowa Acts ch. 19; *see also id.* § 1342.

did not abuse its discretion when considering substance-abuse history offered by the defendant and his counsel as allegedly mitigating evidence. *See State v. Leonard*, No. 15-0381, 2015 WL 7686999, at *1 (Iowa Ct. App. Nov. 25, 2015); *cf. Hackman v. Beckwith*, 64 N.W.2d 275, 281 (Iowa 1954) ("[I]t is elementary a litigant cannot complain of error which he has invited or to which he has assented.").

In considering this first claim, we acknowledge Bierbaum's reply brief, which accuses the State of mischaracterizing his argument. But we think the State's analysis, like ours, answers the fundamental legal question presented. We have considered the specific remarks Bierbaum flags in his reply brief, and we are convinced the broader context of the court's comments at sentencing do not reflect any improper considerations. We briefly engage with Bierbaum's specific and repeated complaints about the court's statement that his conduct was driven more by "addiction" than "criminogenic behavior." In our view, this is an acknowledgement of the very mitigating argument Bierbaum urged below and reiterates on appeal—that he believes prison isn't and wasn't appropriate because his crimes spring from desperation and a substance-use disorder rather than a desire to harm others. This is not an improper consideration and, even if it was, Bierbaum cannot complain that the court credited some of his argument about addiction but still ruled against him. *Cf. Hackman*, 64 N.W.2d at 281. For many of the same reasons, we are similarly unpersuaded by Bierbaum's contention that the court could not consider whether there was a link between addiction and criminal offenses. We discern no error in the court considering the intertwining of addiction and crime as that is exactly the argument Bierbaum put forward.

Second, Bierbaum argues in the alternative that, if his drug addiction was a permissible consideration, it was the sole factor relied upon by the district court. *See State v. Dvorsky*, 322 N.W.2d 62, 66–67 (Iowa 1982) (disapproving of sentence imposed based on a single consideration). This claim is refuted by the court's statements at sentencing, reproduced above, which expressly referenced Bierbaum's failure to rehabilitate, mental health, and need for the stability and structure in treatment—all of which the district court believed could be addressed best through incarceration. The court also expressly acknowledged the offenses at issue here did not significantly impact public safety but found that incarceration was nonetheless justified by the other considerations. Contrary to Bierbaum's claim, we see no evidence this sentence was driven by a single factor to the exclusion of all others.

Berbaum's third and final argument asserts an overall abuse of discretion by the district court. But the heart of his claim is really that he disagrees with the sentence imposed. While we can understand why Bierbaum is disappointed he did not receive the sentence he wished, this is no basis for setting aside the judgment of the district court. "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Formaro*, 638 N.W.2d at 725. And because Bierbaum has not demonstrated the sentence imposed was unreasonable or based on untenable grounds, we must affirm.

Last, we note many of the arguments Bierbaum makes in his brief assert generally that the criminal justice system deals poorly with addiction and fails to successfully rehabilitate drug addicts like him. We express no opinion on these

assertions, and we do not consider the outside-the-record information Bierbaum cites in support of this argument. In any event, these arguments are better addressed to the elected branches and policymakers rather than our court.

**AFFIRMED.**