# IN THE COURT OF APPEALS OF IOWA

No. 24-1305
Filed December 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JACOB DEAN ARCHER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Ashley Stewart, Judge.


        A criminal defendant appeals his sentence, arguing the district court considered unproven conduct during sentencing.  **AFFIRMED.**


        Thomas Hurd of Hurd Law Firm PLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.


        Considered without oral argument by Schumacher, P.J., Chicchelly, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**VOGEL, Senior Judge.**

Early one morning in September 2023, Jacob Archer struggled to stay in his lane while driving in Polk County. Law enforcement pulled him over and observed an open beer in his cup holder. After field sobriety testing indicated Archer was impaired, he was arrested and charged with operating while intoxicated ("OWI"), third offense. *See* Iowa Code § 321J.2 (2023). He later pleaded guilty. While awaiting his sentencing hearing, Archer pleaded guilty to another OWI offense in Guthrie County. That new OWI and plea were included in Archer's presentence investigation report ("PSI").

At the sentencing hearing, the district court noted Archer's troubling history of driving while impaired—five lifetime OWI's including the Guthrie County offense.[1] Although Archer objected to some portions of the PSI, he did not object to including the Guthrie County OWI and he directly acknowledged that guilty plea during the hearing. The court ultimately sentenced him to a five-year term of incarceration with all but 180 days suspended, emphasizing to Archer that it needed "to fashion a sentence that . . . is going to have an impact on your decision making so you don't do this again." Archer now appeals, arguing the district court improperly considered unproven conduct when it factored the Guthrie County OWI into his sentence.

The district court's sentencing decision "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720,

---

[1] Archer was also convicted of OWI in 2012, 2014, and 2021 in Polk County.

724 (Iowa 2002). Still, "a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Id.* at 725.

On our review, the district court was authorized to consider the Guthrie County OWI. First, Archer pleaded guilty to the offense in Guthrie County, thereby admitting the charge.[2] Second, the offense and plea were listed within the PSI and Archer never challenged their inclusion. Archer's attorney noted two other pending charges, and the district court specifically exempted those pending charges from consideration, given the lack of convictions or pleas. It is well established that district courts have "a right to rely on the information in the PSI when the defendant fails to object to the information in the PSI." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). Because Archer acquiesced to the offense being considered below, he may not now assert error on appeal. *Id.*; *see State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015) ("[I]t is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable." (citation omitted)).

Accordingly, we find no abuse of discretion and affirm Archer's sentence.

**AFFIRMED.**

---

[2] Although Archer argues he never admitted the charge "before the Polk County sentencing court," we do not allow parties to game our judicial system by asserting inconsistent positions in different tribunals. *See generally State v. Duncan*, 710 N.W.2d 34, 43 (Iowa 2006) (discussing judicial estoppel).