# IN THE COURT OF APPEALS OF IOWA

———————

No. 25-0147
Filed January 28, 2026

———————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Logan Richard Hilliard,**
Defendant–Appellant.

———————

Appeal from the Iowa District Court for Buchanan County,
The Honorable John J. Sullivan, Judge.

———————

**AFFIRMED**

———————

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney
General, attorneys for appellee.

———————

Considered without oral argument
by Buller, P.J., Langholz, J., and Doyle, S.J.
Opinion by Buller, P.J.

**BULLER, Presiding Judge.**

While on probation for other crimes, twenty-three-year-old Logan Hilliard sexted an underage girl and performed sex acts on her on multiple occasions. Hilliard pled guilty to two counts of sexual abuse in the third degree, class "C" felonies in violation of Iowa Code section 709.4(1)(b)(2)(d) (2023), and one count of enticing a minor, a class "D" felony in violation of section 710.10(2). The district court sentenced him to prison, and he appeals, arguing the court abused its discretion.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To obtain relief, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable reasons. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

Hilliard argues the sentencing court improperly inferred he knew the age of his victim and thus knowingly violated his probation for other offenses. However, the pre-sentence investigation report (PSI) documented that "[t]he victim reported the defendant was aware of her true age, referring to her as a 'baby' when he learned of her age and when they first began to speak." And the sentencing "court has a right to rely on the information in the PSI when the defendant fails to object to the information contained in the PSI." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). Because Hilliard did not object to the PSI, this was a proper consideration. As was Hilliard's commission of new offenses while on probation for other crimes—it reflected on his prospects for rehabilitation. *See* Iowa Code § 901.5.

**AFFIRMED.**